# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| DOUGLAS ELLIMAN LLC,  Plaintiff,  -against-  FIREFLY ENTERTAINMENT INC., 13 MANAGEMENT LLC and EURO TRIBECA | USDC SDNY | Hon. Jesse M. Furman |

| District Court or Agency: | Date the Order or Judgment Appealed from was Entered on the Docket: 01/24/2019 | District Court Docket No.: 18-cv-1381 |
|---|---|---|
| | Date the Notice of Appeal was Filed: 01/28/2019 | Is this a Cross Appeal? ☐ Yes  ☑ No |

| Attorney(s) for Appellant(s): ☑ Plaintiff ☐ Defendant | Counsel's Name: Address: COLE HANSEN CHESTER LLP Michael S. Cole 767 Third Avenue, 24th Floor New York, New York 10017 | Telephone No.: (212) 599-1535 | Fax No.: | E-mail: mscole@chcllp.com |
|---|---|---|---|---|

| Attorney(s) for Appellee(s): ☐ Plaintiff ☑ Defendant | Counsel's Name: Address: VENABLE LLP J. Douglas Baldridge 600 Massachusetts Avenue Washington, DC 20001 | Telephone No.: (202) 344-4703 | Fax No.: | E-mail: JBaldridge@Venable.com |
|---|---|---|---|---|

| Has Transcript Been Prepared? No transcript. | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party  ☑ Diversity  ☐ Federal question (U.S. not a party)  ☐ Other (specify): _____ | ☑ Final Decision  ☐ Interlocutory Decision Appealable As of Right  ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))  ☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>    lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>    failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>    frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>    other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☑ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☑ Damages:    ☐ Injunctions:<br><br>☐ Sought: $ _____  ☐ Preliminary<br>☐ Granted: $ _____  ☐ Permanent<br>☑ Denied: $1,080,000.00  ☐ Denied |

**PART C: NATURE OF SUIT** (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>  Maritime<br>☐ Assault /<br>  Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>  Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>  Instruments<br>☑ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify):<br>☑ Other (specify): Breach of real estate<br>    brokerage contract. | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes  ☑ No<br><br>Will appeal raise a matter of first<br>impression?<br><br>☐ Yes  ☑ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)    Arises from substantially the same case or controversy as this appeal? ☐ Yes  ☑ No

    (B)    Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes  ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |
| Date: January 30 , 2019 | Signature of Counsel of Record: | | |

### NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

      **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)
## ADDENDUM "A"

### Description of the Nature of the Action

This is an action for a brokerage commission brought under state law and originally filed in the Supreme Court New York County and removed by the defendants-appellees to the Southern District.  The action is for breach of a real estate brokerage exclusive agency agreement given by a buyer where damages are pled as the lost opportunity to earn the commission by virtue of breach of exclusive agency.

An exclusive agency agreement given by a buyer to a licensed real estate broker is a promise by the buyer to use the real estate broker exclusively in connection with the buyer's purchase of particular and identified real property.  The breach in this case was in the total exclusion of the plaintiff appellant broker from the transaction – denying plaintiff opportunity to earn the commission paid on sale to another broker.  This despite promise of exclusive agency.  The defendants Appellees Firefly and 13 Management are the disclosed and acknowledged agent of the buyer a high profile celebrity who made the promise of exclusive agency in writing to the plaintiff-appellant real estate broker.

A second cause of action is brought against the defendant-appellee Euro Tribeca LLC for tortious interference, alleging the corporation was used as knowing instrument to effect the breach of exclusive agency contract with plaintiff.  *I.e.* the corporation was used to hide the fact the subject real property was purchased by the buyer through another broker in breach of the exclusive agency promise.

**The Result Below**

The result below is dismissal of the complaint, pre-answer, pursuant to FRCP Section 12 (b) (6).

**Notice of Appeal and District Court Docket Sheet**

The plaintiff provides the Notice of Appeal entered January 30, 2019 and copy of the District Court's docket sheet.

**The January 24, 2019 District Court Order and Judgment**

A copy of the Memorandum Opinion and Order of the United States District Court for the Southern District of New York entered January 24, 2019 (Furman J.). A copy of the Judgment by the United States District Court for the Southern District of New York entered January 24, 2019.

**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**
**ADDENDUM "B"**

**List of Proposed Issues and Applicable Standard of Review**

Issue 1:          Does a real estate brokerage agreement between a buyer and a real estate broker require commission amount to be paid by the seller to be stated in the agreement otherwise the brokerage agreement is not enforceable as a matter of law.  The decision appealed from makes this ruling.  Appellant argues on appeal the rule is not hard and fast and that plaintiff appellant broker fits the exception in accord with the case law.

Standard of Review:          Whether the decision appealed from is in accord with existing New York Law and Second Circuit precedent apropos the diversity jurisdiction in this matter.

Issue 2:          Under New York law, where a brokerage agreement does not recite commission amount but where bona fide claim of breach is made, where damages are measured per that reasonably believed *fixed and invariable brokerage industry standard:* has a claim been stated in the complaint by the plaintiff appellant broker.  The decision appealed from holds to the contrary dismissing the complaint pre-answer pursuant to FRCP Section 12(b)(6).

Standard of Review:   Whether the appellant's argument contrary to the court's ruling below is in accord with existing New York and Second Circuit case precedent apropos the diversity jurisdiction in this matter.

Issue 3:   Can the court below determine pre-answer that the formula pled in the complaint viz. *fixed and invariable brokerage industry standard* effects merely a "subjective assessment" hence defective as a matter of law.  In the decision appealed from, the court below holds pre-answer that the plaintiff's measure of damages pled as six percent of the purchase price further pled to be the customary real estate brokerage commission paid on the sale of like high end property in the subject location – is not an objective standard and therefore legally defective.

Standard of Review:   Whether the measure of damages stated in the complaint is an objective standard which can be proven to be an invariable industry standard in accord with existing Second Circuit case precedent.

Issue 4:   Under New York law is *exclusive agency* a recognized special agreement when given to a licensed real estate broker.  The decision appealed from does not recognize the exclusive agency

agreement given by the buyer to the appellant broker as a special and enforceable agreement under New York law.

Standard of Review:   Whether this stated principle is in accord with existing New York law apropos the diversity jurisdiction in this matter.

Issue 5:   Does rendering substantial performance of brokerage services given in reliance on false promise of exclusive agency create a *detrimental reliance* therefore separate and additional consideration for enforcement of the promise of exclusive agency. In this case the complaint pleads substantial performance rendered by the appellant broker in reliance on the breached promise of exclusive agency.  This creates a detrimental reliance under New York law a separate and additional legal consideration for enforcement of the exclusive promise of the defendants-appellees.

Standard of Review:   Whether this stated principle of law above is in accord with existing New York law apropos the diversity jurisdiction in this matter.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS ELLIMAN LLC,

                              Plaintiff,

        -against-

FIREFLY ENTERTAINMENT INC.,
13 MANAGEMENT LLC and EURO
TRIBECA LLC,

                              Defendants.

**NOTICE OF APPEAL**

Case No. 18-cv-1381 (JMF)

        Notice is hereby given that plaintiff Douglas Elliman LLC in the above-named

case appeals to the United States Court of Appeals for the Second Circuit from the

Judgment and Memorandum and Order dated and entered January 24, 2019 which

granted the defendants' motion to dismiss the complaint.  Plaintiff Douglas Elliman LLC

appeals from each and every part of the judgment and memorandum and order dated

January 24, 2019.


Dated: New York, New York
       January 30, 2019


                                        Respectfully submitted,



                                        COLE HANSEN CHESTER LLP
                                        Attorneys for Plaintiff
                                        By:  Michael S. Cole, Esq.
                                        767 Third Avenue – 24th Floor
                                        New York  New York  10017
                                        Tel:  (212) 599-1535
                                        mscole@chcllp.com

CLOSED,APPEAL,ECF,MEDTFR4

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-01381-JMF

Douglas Elliman LLC v. Firefly Entertainment Inc. et al
Assigned to: Judge Jesse M. Furman
Case in other court: New York State Supreme Court, County of
        New York, 650386-2018
Cause: 28:1332bc Diversity-Breach of Contract

Date Filed: 02/15/2018
Date Terminated: 01/24/2019
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Douglas Elliman LLC**

represented by **Michael S. Cole**
Cole Hansen Chester LLP
767 Third Avenue
24th Floor
New York, NY 10017
212-599-1535
Email: mscole@chcllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Firefly Entertainment Inc.**

represented by **John Carlos Vazquez**
Venable LLP (NYC)
1270 Ave of the Americas
New York, NY 10020
212-370-6293
Fax: 212-307-5598
Email: jcvazquez@venable.com
*ATTORNEY TO BE NOTICED*

**James Douglas Baldridge**
Venable LLP
575 7th Street, North West
Washington, DC 20004-1601
(202) 344-4703
Fax: (202)-344-8300
Email: jdbaldridge@venable.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**13 Management LLC**

represented by **John Carlos Vazquez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Douglas Baldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Euro Tribeca LLC**                    represented by   **John Carlos Vazquez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Douglas Baldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/15/2018 | 1 | **FILING ERROR - PDF ERROR -** NOTICE OF REMOVAL from Supreme Court of the State of New York, County of New York. Case Number: 650386-18. (Filing Fee $ 400.00, Receipt Number 0208-14707629).Document filed by Euro Tribeca LLC, 13 Management LLC, Firefly Entertainment Inc.. (Attachments: # 1 Exhibit 1)(Baldridge, James) Modified on 2/16/2018 (jgo). (Entered: 02/15/2018) |
| 02/15/2018 | 2 | CIVIL COVER SHEET filed. (Baldridge, James) (Entered: 02/15/2018) |
| 02/15/2018 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc..(Baldridge, James) (Entered: 02/15/2018) |
| 02/15/2018 | 4 | NOTICE OF APPEARANCE by John Carlos Vazquez on behalf of 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc.. (Vazquez, John) (Entered: 02/15/2018) |
| 02/16/2018 |  | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney James Douglas Baldridge to RE-FILE Document No. 1 Notice of Removal,. The filing is deficient for the following reason(s): Pursuant to Rule 13.3, attachments to pleading must be labeled (i.e. Summons and Complaint). Re-file the pleading using the event type Notice of Removal found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (jgo) (Entered: 02/16/2018) |
| 02/16/2018 |  | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney James Douglas Baldridge. The following case opening statistical information was erroneously selected/entered: Dollar Demand $1080000; County code New York;. The following correction(s) have been made to your case entry: the Dollar Demand has been modified to None; the County code has been modified to XX Out of State;. (jgo) (Entered: 02/16/2018) |
| 02/16/2018 |  | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jesse M. Furman. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges |

| | | |
|---|---|---|
| | | /District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (jgo) (Entered: 02/16/2018) |
| 02/16/2018 | | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (jgo) (Entered: 02/16/2018) |
| 02/16/2018 | | Case Designated ECF. (jgo) (Entered: 02/16/2018) |
| 02/16/2018 | 5 | NOTICE OF REMOVAL from Supreme Court of the State of New York, County of New York. Case Number: 650386/2018..Document filed by Euro Tribeca LLC, 13 Management LLC, Firefly Entertainment Inc.. (Attachments: # 1 Summons & Complaint)(Baldridge, James) (Entered: 02/16/2018) |
| 02/16/2018 | 6 | NOTICE OF INITIAL PRETRIAL CONFERENCE: It is hereby ORDERED that counsel for all parties appear for an initial pretrial conference with the Court on March 29, 2018 at 4:30 p.m. in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. (Initial Conference set for 3/29/2018 at 04:30 PM in Courtroom 1105, 40 Centre Street, New York, NY 10007 before Judge Jesse M. Furman.) (Signed by Judge Jesse M. Furman on 2/16/2018) (ras) (Entered: 02/16/2018) |
| 02/16/2018 | 7 | NOTICE OF APPEARANCE by Michael S. Cole on behalf of Douglas Elliman LLC. (Cole, Michael) (Entered: 02/16/2018) |
| 02/20/2018 | 8 | NOTICE OF CHANGE OF ADDRESS by Michael S. Cole on behalf of All Plaintiffs. New Address: COLE HANSEN CHESTER LLP, 767 Third Avenue, 24th Floor, New York, NY, USA 10017, (212) 599-1535. (Cole, Michael) (Entered: 02/20/2018) |
| 02/20/2018 | 9 | LETTER MOTION for Extension of Time to File Response/Reply *to the Complaint* addressed to Judge Jesse M. Furman from J. Douglas Baldridge dated February 20, 2018. Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc..(Baldridge, James) (Entered: 02/20/2018) |
| 02/20/2018 | 10 | ORDER granting 9 Letter Motion for Extension of Time to File Response/Reply to the Complaint. The deadline to answer or otherwise respond to the Complaint is hereby extended to March 6, 2018. (HEREBY ORDERED by Judge Jesse M. Furman)(Text Only Order) (Furman, Jesse) (Entered: 02/20/2018) |
| 02/22/2018 | 11 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Douglas Elliman Realty, LLC, Corporate Parent Vector Group, Ltd., Corporate Parent DER Holdings LLC for Douglas Elliman LLC. Document filed by Douglas Elliman LLC.(Cole, Michael) (Entered: 02/22/2018) |
| 03/06/2018 | 12 | MOTION to Dismiss *Complaint*. Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc..(Baldridge, James) (Entered: 03/06/2018) |
| 03/06/2018 | 13 | MEMORANDUM OF LAW in Support re: 12 MOTION to Dismiss *Complaint*. . Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc.. (Baldridge, James) (Entered: 03/06/2018) |

| 03/08/2018 | 14 | ORDER: Accordingly, it is hereby ORDERED that Plaintiff shall file any amended complaint by March 27, 2018. Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss. It is further ORDERED that if no amended complaint is filed, Plaintiff shall serve any opposition to the motion to dismiss by March 27, 2018. Defendants' reply, if any, shall be served by April 3, 2018. Finally, it is further ORDERED that the initial pretrial conference scheduled for March 29, 2018 is adjourned sine die. (As further set forth in this Order.) (Amended Pleadings due by 3/27/2018., (Signed by Judge Jesse M. Furman on 3/8/2018) (cf) Modified on 5/2/2018 (cf). (Entered: 03/08/2018) |
|---|---|---|
| 03/26/2018 | 15 | MEMORANDUM OF LAW in Opposition re: 12 MOTION to Dismiss *Complaint*. . Document filed by Douglas Elliman LLC. (Cole, Michael) (Entered: 03/26/2018) |
| 03/26/2018 | 16 | MEMORANDUM OF LAW in Opposition re: 12 MOTION to Dismiss *Complaint*. *Corrected*. Document filed by Douglas Elliman LLC. (Cole, Michael) (Entered: 03/26/2018) |
| 04/03/2018 | 17 | REPLY MEMORANDUM OF LAW in Support re: 12 MOTION to Dismiss *Complaint*. . Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc.. (Baldridge, James) (Entered: 04/03/2018) |
| 08/17/2018 | 18 | MEDIATION REFERRAL ORDER: The Court has consulted with the head of the Court-annexed Mediation Program in an effort to identify cases with pending motions that may be amenable to mediation prior to a decision on the motion mindful of the time it will take the Court to decide the motion and the time and expense involved in any litigation that could follow the Court's decision. In light of that consultation, it is hereby ORDERED that this case is referred for mediation to the Mediation Program. If any party objects to that referral, it shall file a letter explaining its objection within three days of this Order. The parties are hereby notified that Local Rule 83.9 shall govern the mediation and are directed to participate in the mediation in good faith. The mediation will have no effect upon any scheduling Order issued by this Court without leave of this Court. SO ORDERED. Please reference the following when corresponding with the Mediation Office. E-mail MediationOffice@nysd.uscourts.gov, telephone (212) 805-0643, and facsimile (212) 805-0647. Mediator to be Assigned by 8/27/2018. Mediator Expertise Request due by 8/22/2018. (Signed by Judge Jesse M. Furman on 8/17/2018) (ne) (Entered: 08/17/2018) |
| 08/27/2018 | | NOTICE OF MEDIATOR ASSIGNMENT - Notice of assignment of mediator. Mediator Schedule due by 9/26/2018.(mf) (Entered: 08/27/2018) |
| 09/20/2018 | | MEDIATOR SESSION SCHEDULED First Mediation Session scheduled for 12/04/2018, 10 A.M. at Plaintiff's Counsel Office.(ah) (Entered: 09/20/2018) |
| 12/06/2018 | | Mediator Session Held on 12/04/18 at Plaintiff's Counsel's Office.(ah) (Entered: 12/06/2018) |
| 12/06/2018 | 19 | FINAL REPORT OF MEDIATOR #4...Report of Mediator to the Clerk that the court-ordered mediation in this case was held but was unsuccessful in resolving any issue in the case. The Mediation Unit will consider the referral to be completed and close its files at this time but the judge may re-refer parties to mediation at any point. To evaluate the effectiveness of our Mediators/Mediation Program please click on the following link: http://www.nysd.uscourts.gov/mediation_survey. A fillable PDF of the survey can also be found at www.nysd.uscourts.gov/mediation.(ah) (Entered: 12/06/2018) |

| 01/24/2019 | 20 | MEMORANDUM OPINION AND ORDER: re: 12 MOTION to Dismiss *Complaint*. filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc. Accordingly, Defendants motion to dismiss is GRANTED, and the Complaint is dismissed in its entirety. Moreover, the Court declines to grant Douglas Elliman leave to amend its Complaint. It declines to do so because Doulas Elliman has not requested such leave, see, e.g., Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp., 821 F.3d 349, 351-52 (2d Cir. 2016) (per curiam); because any amendment would plainly be futile, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); and because the Court previously gave Douglas Elliman notice of one final "opportunity to amend the Complaint to address issues raised by the motion to dismiss," Docket No. 14, but Douglas Elliman declined to do so. So Ordered. The Clerk of Court is directed to terminate Docket No. 12 and to close the case. (Signed by Judge Jesse M. Furman on 1/24/2019) (js) Transmission to Orders and Judgments Clerk for processing. (Entered: 01/24/2019) |
|---|---|---|
| 01/24/2019 | 21 | CLERK'S JUDGMENT re: 20 Memorandum & Opinion. in favor of 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc. against Douglas Elliman LLC.It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum Opinion and Order dated January 24, 2018, Defendants' motion to dismiss is granted and the complaint is dismissed in its entirety and the Court declines to grant Douglas Elliman leave to amend its Complaint; it declines to do so because Douglas Elliman has not requested such leave, see, e.g., Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp., 821 F.3d 349, 351-52 (2d Cir. 2016) (per curiam); because any amendment would plainly be futile, see Cuoco v. Moritsugu, 222 F.3d 112 (2d Cir. 2000); and because the Court previously gave Douglas Elliman notice of one final opportunity to amend the Complaint to address issues raised by the motion to dismiss: Docket No. 14, but Douglas Elliman declined to do so.; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 01/24/2019) (Attachments: # 1 Notice of Right to Appeal)(dt) (Entered: 01/24/2019) |
| 01/30/2019 | 22 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL** - FIRST NOTICE OF APPEAL. Document filed by Douglas Elliman LLC. Filing fee $ 505.00, receipt number ANYSDC-16265360. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Cole, Michael) Modified on 1/30/2019 (tp). (Entered: 01/30/2019) |
| 01/30/2019 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Cole, Michael to RE-FILE Document No. 22 Notice of Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type *Corrected Notice of Appeal* found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp)** (Entered: 01/30/2019) |
| 01/30/2019 | 23 | CORRECTED NOTICE OF APPEAL re: 22 Notice of Appeal, 21 Clerk's Judgment,,,, 20 Memorandum & Opinion,,,,. Document filed by Douglas Elliman LLC. (Cole, Michael) (Entered: 01/30/2019) |
| 01/30/2019 | | Appeal Fee Paid electronically via Pay.gov: for 23 Corrected Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number ANYSDC-16265360, paid on 01/30/2019. (nd) (Entered: 01/30/2019) |

| 01/30/2019 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 23 Corrected Notice of Appeal. (nd) (Entered: 01/30/2019) |
|---|---|---|
| 01/30/2019 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 23 Corrected Notice of Appeal filed by Douglas Elliman LLC were transmitted to the U.S. Court of Appeals. (nd) (Entered: 01/30/2019) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/31/2019 15:44:49 | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-01381-JMF |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                       :

DOUGLAS ELLIMAN, LLC,              :

                                         :

                   Plaintiff,       :

                                         :              18-CV-1381 (JMF)

        -v-                   :

                                         :      MEMORANDUM OPINION

FIREFLY ENTERTAINMENT, INC., et al.,    :        AND ORDER

                                         :

                   Defendants.     :

                                         :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Douglas Elliman LLC, a real estate brokerage company, brings claims against

Defendants Firefly Entertainment Inc. ("Firefly"), 13 Management LLC, and Euro Tribeca LLC

relating to the purchase of a townhouse in Manhattan.  As alleged in the Complaint, Firefly and

13 Management LLC, acting on behalf of a celebrity client (the "Celebrity"), contacted a

Douglas Elliman agent in December 2016 for assistance in purchasing a particular townhouse in

Tribeca.  *See* Docket No. 5-1 ("Compl."), ¶ 16.  The agent introduced the two companies to a

different townhouse in Tribeca — located at 153 Franklin Street — and, over the next month or

two, took various steps to facilitate a sale of that property.  *See id.* ¶¶ 17, 23.  In particular, he

"made a detailed showing" of the property; measured the building with a laser device; introduced

Defendants to the house's owner; and "obtained the blue prints" for the house, which he then

gave to Defendants.  *See id.* ¶¶ 19-22.  After February 2017, however, he "received no

further substantive contact from defendants."  *Id.* ¶ 23.  Eight months later, in October 2017,

Defendant Euro Tribeca LLC, acting on behalf of the Celebrity, bought the townhouse for $18

million, using — and paying a commission to — a different real estate broker.  *See id.* ¶¶ 13, 24,

25.   Thereafter, Douglas Elliman brought this suit, alleging a claim for breach of contract against Firefly and 13 Management LLC and a claim for tortious interference with contract against Euro Tribeca LLC and seeking six percent of the purchase price, or $1.08 million, in damages.  *See id.* ¶¶ 14, 15.  Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint.  *See* Docket No. 12.

Critically, Douglas Elliman's two sets of claims — brought under New York law — depend on the existence of a valid contract with Firefly and 13 Management LLC.  *See, e.g.*, *Johnson v. Nextel Commc' ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011) (breach of contract); *Foster v. Churchill*, 665 N.E.2d 153, 156 (N. Y. 1996) (tortious interference with contract).[1]  Under New York contract law, "few principles are better settled . . . than the requirement of definiteness," which states that "if an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract."  *Arbitron, Inc. v. Tralyn Broad., Inc.*, 400 F.3d 130, 136 (2d Cir. 2005) (internal quotation marks and alteration omitted); *see also, e.g.*, *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007) ("[A] mere agreement to agree, in which a material term is left for future negotiations, is unenforceable.").  In the case of compensation, a term qualifies as insufficiently definite "where

---

[1]      Douglas Elliman does not allege any quasi-contract claims in its Complaint and appears to disavow any such claims in its opposition to Defendants' motion.  *See* Docket No. 16 ("Pl.'s Mem."), at 8.  In any event, any quasi-contract claim would fail because it would require proof that Douglas Elliman was "the procuring cause of the sale."  *Parker Realty Grp., Inc. v. Petigny*, 929 N.E.3d 864, 866 (N.Y. 2010); *accord Hirschfeld Props., Inc. v. Juliano*, 3 A.D.3d 399, 399 (1st Dep't 2004).  A broker "does not automatically and without more make out a case for commissions simply because he initially called the property to the attention of the ultimate purchaser."  *Greene v. Hellman*, 412 N.E.2d 1301, 1307 (N.Y. 1980).  Instead, to establish a right to a commission, "there must be a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation."  *Id.* at 206; *see also Parker Realty*, 929 N.E.3d at 866.  Douglas Elliman concedes that it had no contact with Defendants after February 2017; accordingly, it plainly was not the "procuring cause of the sale."

'the amount can[not] be determined objectively without the need for new expressions by the

parties.'" *Stone Key Partners LLC v. Monster Worldwide, Inc.*, 333 F. Supp. 3d 316, 334

(S.D.N.Y. 2018) (quoting *Cobble Hill Nursing Home v. Henry & Warren Corp.*, 548 N.E.2d 203,

207 (N.Y. 1989)).  Compensation may be calculated "with reference to industry standards or

customs," but in that case "the plaintiff must establish that the omitted term is fixed and

invariable in the industry in question."  *Id.* (internal quotation marks omitted).

    Applying those standards here, Douglas Elliman's claims fail for want of an enforceable

contract.  Notably, although 153 Franklin Street sold for $18 million, the transaction involved a

celebrity client, and Douglas Elliman claims entitlement to a seven-figure commission, it cannot

point to any formal agreement with Defendants.  Instead, Douglas Elliman's sole alleged

contract with Firefly and 13 Management LLC was an informal email from an employee of

Defendants to the agent, which stated in full:

> This email is intended for your use with the owner of 153 Franklin.  This is to
> confirm that we Firefly Entertainment/13 Management are working with you
> solely regarding the viewing and any other needs at 153 Franklin.  There will not
> be any other lines of communication outside of myself.  Thank you and please let
> me know if you need anything further.

Compl. Ex. A; *see* Compl. ¶ 7 ("The promise is contained within the four corners of the email.");

Pl.'s Mem. 2 ("The contract arises from the pled written promise . . . sent via email.").  But those

words do not come close to establishing that Firefly and 13 Management LLC agreed to use

Douglas Elliman as an exclusive agent for the purchase of 153 Franklin Street, let alone that they

agreed to pay the company a seven-figure commission in the event that they purchased the

property without regard for whether the company's agent provided any assistance in the

transaction.  The email says nothing about the purchase of 153 Franklin Street; indeed, the only

task that it mentions with specificity is a "viewing" of the property and, even as to that task, the

email is no more than "a promise to 'work together.'"  *Vacold LLC v. Cerami*, 545 F.3d 114, 125

(2d Cir. 2008); *cf. Morpheus Capital Advisors LLC v. UBS AG*, 15 N.E.3d 1187, 1192 (N.Y. 2014) ("[A] contract giving rise to an exclusive right of sale must clearly and expressly provide that a commission is due upon sale by the owner or exclude the owner from independently negotiating a sale." (internal quotation marks and alterations omitted)). And the email is far from the sort of "formal writing" one would expect in connection with an $18 million transaction. *See Brown v. Cara*, 420 F.3d 148, 155-56 (2d Cir. 2005).

In any event, to the extent that the email could reasonably be construed as an agreement with respect to the purchase of 153 Franklin Street, it is nothing more than an unenforceable agreement to agree. The email lacks most, if not all, of the material terms of a real estate brokerage agreement, including the scope and duration of the relationship and the fee. *See, e.g.*, *Hirschfeld Props.*, 3 A.D.3d at 399 (affirming dismissal of an action to enforce a real estate brokerage agreement on the ground that "[t]he writing between the parties on which plaintiff relies" was "not a valid real estate brokerage agreement" because it did not include a payment term); *Parkway Grp., Ltd. v. Modell's Sporting Goods*, 254 A.D.2d 338, 339 (2d Dep't 1998) ("Even if the agreement had created an exclusive agency, the broker would not be entitled to a commission because the agreement . . . lacked an essential term as to the amount of the commission and constituted an unenforceable agreement to agree."). Most significantly, the email "contains no methodology, formula, or external measure by which the Court might objectively determine the compensation to be paid." *GEM Advisors, Inc. v. Corporación Sidenor, S.A.*, 667 F. Supp. 2d 308, 326 (S.D.N.Y. 2009). Douglas Elliman does allege that a six percent commission is the "customary real estate brokerage commission paid on sale of like high end real property in the subject location." Compl. ¶ 14. But far from helping Douglas Elliman, that allegation is fatal to its claim that the email constitutes an enforceable contract, as it is a tacit

4

Case 19-270, Document 10, 03/01/2019, 2487052, Page19 of 21

admission that there is no "fixed and invariable standard" for calculating commissions; to the contrary, it establishes that the calculation of a commission is dependent on subjective assessments such as neighborhood and whether the property at issue qualifies as "high end" or not. *Stone Key*, 333 F. Supp. 3d at 336 (holding that a contract was unenforceable where, at best, it called for a means of fixing a fee that "entail[ed] a host of subjective choices"); *see also Cooper Square Realty, Inc. v. A.R.S. Mgmt., Ltd.*, 181 A.D.2d 551, 552 (1st Dep't 1992) ("As no objective method or formula was provided for determining a commission, the exclusive sales contract was merely an agreement to agree and was unenforceable.").

The Court has considered all of Douglas Elliman's other arguments against dismissal and finds them to be without merit. Thus, even accepting the facts alleged in the Complaint as true and drawing all reasonable inferences in favor of the non-moving party, *see, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam), the Court concludes that Douglas Elliman's claims fail as a matter of law for want of an enforceable contract, *see, e.g.*, *Vacold*, 545 F.3d at 123 ("Under New York law, whether a binding agreement exists is a legal issue, not a factual one."). Accordingly, Defendants' motion to dismiss is **GRANTED**, and the Complaint is dismissed in its entirety.

Moreover, the Court declines to grant Douglas Elliman leave to amend its Complaint. It declines to do so because Doulas Elliman has not requested such leave, *see, e.g.*, *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 821 F.3d 349, 351-52 (2d Cir. 2016) (per curiam); because any amendment would plainly be futile, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); and because the Court previously gave Douglas Elliman notice of one final "opportunity to amend the Complaint to address issues raised by the motion to dismiss," Docket No. 14, but Douglas Elliman declined to do so.

The Clerk of Court is directed to terminate Docket No. 12 and to close the case.

SO ORDERED.

Dated: January 24, 2019
      New York, New York

                                          JESSE M. FURMAN
                                    United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
DOUGLAS ELLIMAN, LLC,
                    Plaintiff,

    -against-

FIREFLY ENTERTAINMENT, INC., et al.,
                    Defendants.
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRO...
DOC #.....
....... 1/24/2019

18 **CIVIL** 1381 (JMF)

**JUDGMENT**

       It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Memorandum Opinion and Order dated January 24, 2018, Defendants'

motion to dismiss is granted and the complaint is dismissed in its entirety and the Court declines

to grant Douglas Elliman leave to amend its Complaint; it declines to do so because Douglas

Elliman has not requested such leave, see, e.g., Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital

Corp., 821 F.3d 349, 351-52 (2d Cir. 2016) (per curiam); because any amendment would plainly

be futile, see Cuoco v. Moritsugu, 222 F.3d 112 (2d Cir. 2000); and because the Court previously

gave Douglas Elliman notice of one final "opportunity to amend the Complaint to address issues

raised by the motion to dismiss: Docket No. 14, but Douglas Elliman declined to do so.;

accordingly, the case is closed.

**Dated:** New York, New York
       January 24, 2019

                            **RUBY J. KRAJICK**
                             **Clerk of Court**
       BY:
                             **Deputy Clerk**

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 1/24/2019