# 19-0279-cv

## United States Court of Appeals

*for the*

## Second Circuit

DOUGLAS ELLIMAN LLC,

*Plaintiff-Appellant,*

– v. –

FIREFLY ENTERTAINMENT INC., 13 MANAGEMENT LLC,
EURO TRIBECA LLC,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## JOINT APPENDIX

JAMES DOUGLAS BALDRIDGE
VENABLE LLP
600 Massachusetts Avenue, NW
Washington DC 20001
(202) 344-4000

– and –

JOHN VAZQUEZ
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(212) 307-5500

*Attorneys for Defendants-Appellees*

MICHAEL S. COLE
COLE HANSEN CHESTER LLP
767 Third Avenue, 24th Floor
New York, New York 10017
(212) 599-1535

*Attorneys for Plaintiff-Appellant*

i

## TABLE OF CONTENTS

**Page**

U.S. District Court Docket Entries ........................... A-1

Notice of Removal, dated February 18, 2018 ............ A-8

Exhibit 1 to Notice -
Summons and Complaint, dated January 25,
2018, in *Douglas Elliman LLC v. Firefly
Entertainment Inc., et al.*, Index No. 650386/18 ... A-11

Exhibit A to Summons and Complaint -
Email from Andrew Azoulay to Charlie
Maimye, dated January 25, 2017 ...................... A-28

Notice of Motion, by Defendants, for an Order to
Dismiss the Complaint, dated March 6, 2018 ........ A-31

Memorandum of Law, by Defendants, in Support of
Motion, dated March 6, 2018 .............................. A-33

Memorandum of Law, by Plaintiff, in Opposition to
Motion, dated March 26, 2018 ............................ A-50

Reply Memorandum of Law, by Defendants, in
Further Support of Motion, dated April 3, 2018 .... A-67

Memorandum Opinion and Order, dated
January 24, 2019 .................................................... A-78

Judgment, entered on January 24, 2019 .................... A-84

Notice of Appeal, dated January 30, 2019 ................ A-85

A-1

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

CLOSED,APPEAL,ECF,MEDTFR4

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-01381-JMF

| | |
|---|---|
| Douglas Elliman LLC v. Firefly Entertainment Inc. et al | Date Filed: 02/15/2018 |
| Assigned to: Judge Jesse M. Furman | Date Terminated: 01/24/2019 |
| | Jury Demand: None |
| Case in other court:  New York State Supreme Court, County of New York, 650386-2018 | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |
| Cause: 28:1332bc Diversity-Breach of Contract | |

**Plaintiff**

**Douglas Elliman LLC**            represented by    **Michael S. Cole**
                                                     Cole Hansen Chester LLP
                                                     767 Third Avenue
                                                     24th Floor
                                                     New York, NY 10017
                                                     212-599-1535
                                                     Email: mscole@chcllp.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Firefly Entertainment Inc.**        represented by    **John Carlos Vazquez**
                                                        Venable LLP (NYC)
                                                        1270 Ave of the Americas
                                                        New York, NY 10020
                                                        212-370-6293
                                                        Fax: 212-307-5598
                                                        Email: jcvazquez@venable.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James Douglas Baldridge**
                                                        Venable LLP

A-2

575 7th Street, North West
Washington, DC 20004-1601
(202) 344-4703
Fax: (202)-344-8300
Email: jdbaldridge@venable.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**13 Management LLC**                represented by   **John Carlos Vazquez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Douglas Baldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Euro Tribeca LLC**                represented by   **John Carlos Vazquez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Douglas Baldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/15/2018 | 1 | **FILING ERROR - PDF ERROR -** NOTICE OF REMOVAL from Supreme Court of the State of New York, County of New York. Case Number: 650386-18. (Filing Fee $ 400.00, Receipt Number 0208-14707629).Document filed by Euro Tribeca LLC, 13 Management LLC, Firefly Entertainment Inc.. (Attachments: # 1 Exhibit 1) (Baldridge, James) Modified on 2/16/2018 (jgo). (Entered: 02/15/2018) |
| 02/15/2018 | 2 | CIVIL COVER SHEET filed. (Baldridge, James) (Entered: 02/15/2018) |
| 02/15/2018 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc..(Baldridge, James) (Entered: 02/15/2018) |
| 02/15/2018 | 4 | NOTICE OF APPEARANCE by John Carlos Vazquez on behalf of |

A-3

| | | |
|---|---|---|
| | | 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc.. (Vazquez, John) (Entered: 02/15/2018) |
| 02/16/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney James Douglas Baldrige to RE-FILE Document No. 1 Notice of Removal,. The filing is deficient for the following reason(s): Pursuant to Rule 13.3, attachments to pleading must be labeled (i.e. Summons and Complaint). Re-file the pleading using the event type Notice of Removal found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (jgo)** (Entered: 02/16/2018) |
| 02/16/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney James Douglas Baldridge. The following case opening statistical information was erroneously selected/entered: Dollar Demand $1080000; County code New York;. The following correction(s) have been made to your case entry: the Dollar Demand has been modified to None; the County code has been modified to XX Out of State;. (jgo)** (Entered: 02/16/2018) |
| 02/16/2018 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jesse M. Furman. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (jgo) (Entered: 02/16/2018) |
| 02/16/2018 | | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (jgo) (Entered: 02/16/2018) |
| 02/16/2018 | | Case Designated ECF. (jgo) (Entered: 02/16/2018) |
| 02/16/2018 | 5 | NOTICE OF REMOVAL from Supreme Court of the State of New York, County of New York. Case Number: 650386/2018..Document filed by Euro Tribeca LLC, 13 Management LLC, Firefly Entertainment Inc.. (Attachments: # 1 Summons & Complaint) (Baldridge, James) (Entered: 02/16/2018) |

A-4

| | | |
|---|---|---|
| 02/16/2018 | 6 | NOTICE OF INITIAL PRETRIAL CONFERENCE: It is hereby ORDERED that counsel for all parties appear for an initial pretrial conference with the Court on March 29, 2018 at 4:30 p.m. in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. (Initial Conference set for 3/29/2018 at 04:30 PM in Courtroom 1105, 40 Centre Street, New York, NY 10007 before Judge Jesse M. Furman.) (Signed by Judge Jesse M. Furman on 2/16/2018) (ras) (Entered: 02/16/2018) |
| 02/16/2018 | 7 | NOTICE OF APPEARANCE by Michael S. Cole on behalf of Douglas Elliman LLC. (Cole, Michael) (Entered: 02/16/2018) |
| 02/20/2018 | 8 | NOTICE OF CHANGE OF ADDRESS by Michael S. Cole on behalf of All Plaintiffs. New Address: COLE HANSEN CHESTER LLP, 767 Third Avenue, 24th Floor, New York, NY, USA 10017, (212) 599-1535. (Cole, Michael) (Entered: 02/20/2018) |
| 02/20/2018 | 9 | LETTER MOTION for Extension of Time to File Response/Reply *to the Complaint* addressed to Judge Jesse M. Furman from J. Douglas Baldridge dated February 20, 2018. Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc.. (Baldridge, James) (Entered: 02/20/2018) |
| 02/20/2018 | 10 | ORDER granting 9 Letter Motion for Extension of Time to File Response/Reply to the Complaint. The deadline to answer or otherwise respond to the Complaint is hereby extended to March 6, 2018. (HEREBY ORDERED by Judge Jesse M. Furman)(Text Only Order) (Furman, Jesse) (Entered: 02/20/2018) |
| 02/22/2018 | 11 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Douglas Elliman Realty, LLC, Corporate Parent Vector Group, Ltd., Corporate Parent DER Holdings LLC for Douglas Elliman LLC. Document filed by Douglas Elliman LLC. (Cole, Michael) (Entered: 02/22/2018) |
| 03/06/2018 | 12 | MOTION to Dismiss *Complaint*. Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc..(Baldridge, James) (Entered: 03/06/2018) |
| 03/06/2018 | 13 | MEMORANDUM OF LAW in Support re: 12 MOTION to Dismiss *Complaint*. . Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc.. (Baldridge, James) (Entered: 03/06/2018) |
| 03/08/2018 | 14 | ORDER: Accordingly, it is hereby ORDERED that Plaintiff shall file any amended complaint by March 27, 2018. Plaintiff will not be given any further opportunity to amend the complaint to address issues |

A-5

| | | |
|---|---|---|
| | | raised by the motion to dismiss. It is further ORDERED that if no amended complaint is filed, Plaintiff shall serve any opposition to the motion to dismiss by March 27, 2018. Defendants' reply, if any, shall be served by April 3, 2018. Finally, it is further ORDERED that the initial pretrial conference scheduled for March 29, 2018 is adjourned sine die. (As further set forth in this Order.) (Amended Pleadings due by 3/27/2018., (Signed by Judge Jesse M. Furman on 3/8/2018) (cf) Modified on 5/2/2018 (cf). (Entered: 03/08/2018) |
| 03/26/2018 | 15 | MEMORANDUM OF LAW in Opposition re: 12 MOTION to Dismiss *Complaint*. . Document filed by Douglas Elliman LLC. (Cole, Michael) (Entered: 03/26/2018) |
| 03/26/2018 | 16 | MEMORANDUM OF LAW in Opposition re: 12 MOTION to Dismiss *Complaint*. *Corrected*. Document filed by Douglas Elliman LLC. (Cole, Michael) (Entered: 03/26/2018) |
| 04/03/2018 | 17 | REPLY MEMORANDUM OF LAW in Support re: 12 MOTION to Dismiss *Complaint*. . Document filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc.. (Baldridge, James) (Entered: 04/03/2018) |
| 08/17/2018 | 18 | MEDIATION REFERRAL ORDER: The Court has consulted with the head of the Court-annexed Mediation Program in an effort to identify cases with pending motions that may be amenable to mediation prior to a decision on the motion mindful of the time it will take the Court to decide the motion and the time and expense involved in any litigation that could follow the Court's decision. In light of that consultation, it is hereby ORDERED that this case is referred for mediation to the Mediation Program. If any party objects to that referral, it shall file a letter explaining its objection within three days of this Order. The parties are hereby notified that Local Rule 83.9 shall govern the mediation and are directed to participate in the mediation in good faith. The mediation will have no effect upon any scheduling Order issued by this Court without leave of this Court. SO ORDERED. Please reference the following when corresponding with the Mediation Office. E-mail MediationOffice@nysd.uscourts.gov, telephone (212) 805-0643, and facsimile (212) 805-0647. Mediator to be Assigned by 8/27/2018. Mediator Expertise Request due by 8/22/2018. (Signed by Judge Jesse M. Furman on 8/17/2018) (ne) (Entered: 08/17/2018) |
| 08/27/2018 | | NOTICE OF MEDIATOR ASSIGNMENT - Notice of assignment of mediator. Mediator Schedule due by 9/26/2018.(mf) (Entered: 08/27/2018) |
| | | |

A-6

| 09/20/2018 | | MEDIATOR SESSION SCHEDULED First Mediation Session scheduled for 12/04/2018, 10 A.M. at Plaintiff's Counsel Office.(ah) (Entered: 09/20/2018) |
|---|---|---|
| 12/06/2018 | | Mediator Session Held on 12/04/18 at Plaintiff's Counsel's Office.(ah) (Entered: 12/06/2018) |
| 01/24/2019 | 20 | MEMORANDUM OPINION AND ORDER: re: 12 MOTION to Dismiss *Complaint.* filed by 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc. Accordingly, Defendants motion to dismiss is GRANTED, and the Complaint is dismissed in its entirety. Moreover, the Court declines to grant Douglas Elliman leave to amend its Complaint. It declines to do so because Doulas Elliman has not requested such leave, see, e.g., Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp., 821 F.3d 349, 351-52 (2d Cir. 2016) (per curiam); because any amendment would plainly be futile, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); and because the Court previously gave Douglas Elliman notice of one final "opportunity to amend the Complaint to address issues raised by the motion to dismiss," Docket No. 14, but Douglas Elliman declined to do so. So Ordered. The Clerk of Court is directed to terminate Docket No. 12 and to close the case. (Signed by Judge Jesse M. Furman on 1/24/2019) (js) Transmission to Orders and Judgments Clerk for processing. (Entered: 01/24/2019) |
| 01/24/2019 | 21 | CLERK'S JUDGMENT re: 20 Memorandum & Opinion. in favor of 13 Management LLC, Euro Tribeca LLC, Firefly Entertainment Inc. against Douglas Elliman LLC.It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum Opinion and Order dated January 24, 2018, Defendants' motion to dismiss is granted and the complaint is dismissed in its entirety and the Court declines to grant Douglas Elliman leave to amend its Complaint; it declines to do so because Douglas Elliman has not requested such leave, see, e.g., Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp., 821 F.3d 349, 351-52 (2d Cir. 2016) (per curiam); because any amendment would plainly be futile, see Cuoco v. Moritsugu, 222 F.3d 112 (2d Cir. 2000); and because the Court previously gave Douglas Elliman notice of one final opportunity to amend the Complaint to address issues raised by the motion to dismiss: Docket No. 14, but Douglas Elliman declined to do so.; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 01/24/2019) (Attachments: # 1 Notice of Right to Appeal)(dt) (Entered: 01/24/2019) |
| 01/30/2019 | 22 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** FIRST NOTICE OF APPEAL. Document filed by Douglas Elliman |

A-7

| | | |
|---|---|---|
| | | LLC. Filing fee $ 505.00, receipt number ANYSDC-16265360. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Cole, Michael) Modified on 1/30/2019 (tp). (Entered: 01/30/2019) |
| 01/30/2019 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Cole, Michael to RE-FILE Document No. 22 Notice of Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type *Corrected Notice of Appeal* found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp)** (Entered: 01/30/2019) |
| 01/30/2019 | 23 | CORRECTED NOTICE OF APPEAL re: 22 Notice of Appeal, 21 Clerk's Judgment,,,,, 20 Memorandum & Opinion,,,,. Document filed by Douglas Elliman LLC. (Cole, Michael) (Entered: 01/30/2019) |
| 01/30/2019 | | Appeal Fee Paid electronically via Pay.gov: for 23 Corrected Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number ANYSDC-16265360, paid on 01/30/2019. (nd) (Entered: 01/30/2019) |
| 01/30/2019 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 23 Corrected Notice of Appeal. (nd) (Entered: 01/30/2019) |
| 01/30/2019 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 23 Corrected Notice of Appeal filed by Douglas Elliman LLC were transmitted to the U.S. Court of Appeals. (nd) (Entered: 01/30/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/13/2019 18:06:03 | | |
| **PACER Login:** | cpnycpara17 | **Client Code:** | cpnycpara17 |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-01381-JMF |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

A-8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DOUGLAS ELLIMAN LLC,

                                             Plaintiff,

          -against-

FIREFLY ENTERTAINMENT INC., 13
MANAGEMENT LLC, and EURO TRIBECA LLC,

                                             Defendants.

**NOTICE OF REMOVAL**

Case No.  18-cv-1381

---

TO THE CLERK OF THE COURT:

          PLEASE TAKE NOTICE that Defendants Firefly Entertainment Inc., 13

Management LLC, and Euro Tribeca LLC, by and through its their undersigned counsel,

hereby remove the above-captioned action from the Supreme Court of the State of New

York, County of New York, to the United States District Court for the Southern District

of New York pursuant to 28 U.S.C. § 1332(a), and state as follows:

          1.          Pursuant to 28 U.S.C. § 1332(a), 28 U.S.C. § 1446, and Federal Rule of

Civil Procedure 81, all Defendants hereby remove this action to the United States District

Court for the Southern District of New York, the Court of original jurisdiction for this

action, because:

                    a.   The matter in controversy exceeds the sum of $75,000, exclusive of

                         interest and costs, and is between

                    b.   Citizens of different states.

          2.          On January 25, 2018, Douglas Elliman LLC commenced an action in the

Supreme Court of the State of New York, New York County, bearing Index Number

650386/2018 (the "State Court Action").

A-9

3.      On January 30, 2018, Plaintiff served a copy of the Summons and Complaint in the State Court Action upon Defendants' registered agents.

4.      Through its Complaint, Plaintiff asserts claims for breach of contract and tortious interference, and alleges that it is owed a brokerage commission in the amount of $1,080,000 related to a real estate transaction.

5.      This Court has original jurisdiction and this matter is removable pursuant to 28 U.S.C. § 1332 because it is a civil action completely between citizens of different states, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      There is complete diversity of citizenship between the Plaintiff and all Defendants in the State Court Action.

7.      Plaintiff Douglas Elliman LLC is a Limited Liability Company whose members are citizens of Delaware and New York for purposes of diversity jurisdiction.

8.      Defendant Firefly Entertainment Inc. is a Tennessee Corporation with its principal place of business in Tennessee.

9.      Defendant 13 Management LLC is a Limited Liability Company whose members are citizens of Tennessee for purposes of diversity jurisdiction.

10.     Defendant Euro Tribeca LLC is a Limited Liability Company whose members are citizens of Tennessee for purposes of diversity jurisdiction.

11.     Plaintiff's Complaint prays for relief in the amount of $1,080,000, which exceeds the amount-in-controversy requirements 28 U.S.C. § 1332(a).

12.     Venue is proper in this Court because the State Court Action is pending in the borough of Manhattan, in the City and State of New York, New York.

13.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) as it is filed within thirty (30) days after Defendants were served by Plaintiff with the Summons and Complaint.

14.     True and correct copies of the Summons and Complaint served upon Defendants are attached as Exhibit 1.  The attached Exhibit 1 comprises all process, pleadings, and orders that have been served upon Defendants to date.

15.     Defendants have not previously sought similar relief.

16.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the State Court Action is pending.

WHEREFORE, Defendants request that this civil action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.


Dated: New York, New York
          February 15, 2018                     **VENABLE LLP**

                                                By: _/s/ J. Douglas Baldridge_____

                                                J. Douglas Baldridge
                                                JBaldridge@venable.com
                                                Tel: 202-344-4703
                                                600 Massachusetts Avenue, NW
                                                Washington, DC 20001

                                                John C. Vazquez
                                                JVazquez@venable.com
                                                Tel: 212-370-6293
                                                1270 Avenue of the Americas, 24th Floor
                                                New York, NY 10020

                                                *Attorneys for Defendants Firefly Entertainment Inc.,*
                                                *13 Management LLC, and Euro Tribeca LLC*

# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
01/26/2018
CT Log Number 532691250

**TO:**   Jessica Francis
13 Management
400 Air Freight Road
Nashville, TN 37217

**RE:**   **Process Served in New York**

**FOR:**   Euro Tribeca LLC  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DOUGLAS ELLIMAN LLC, Pltf. vs. FIREFLY ENTERTAINMENT INC., et al., Dfts. // To: EURO TRIBECA LLC |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 6503862018 |
| **NATURE OF ACTION:** | The plaintiff Douglas Elliman therefore seeks breach of contract damages measured as the real estate brokerage commission its real estate agent was prevented from earning in breach of promise in breach of contract as a matter of law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/26/2018 at 11:58 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Michael S. Cole<br>Cole Hansen Chester LLP<br>767 Third Avenue - 24th Floor<br>New York, NY 10017<br>212-599-1535 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780109968291 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 111 8th Ave Fl 13<br>New York, NY 10011-5213 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

A-13

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
------------------------------------x
DOUGLAS ELLIMAN LLC

                                    Plaintiff/Petitioner,

        -against-                                      Index No.  650386/2018

FIREFLY ENTERTAINMENT INC., 13 MANAGEMENT
LLC, EURO TRIBECA LLC
                                    Defendant/Respondent.
------------------------------------x

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT
### TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 01/25/2018

_____
Signature

MICHAEL S COLE
_____
Name

COLE HANSEN CHESTER LLP
_____
Firm Name

767 Third Avenue, 24th Floor
_____
Address

NEW YORK, NY  10017
_____
City, State, and Zip

212-599-1535
_____
Phone

mscole@chcllp.com
_____
E-Mail


To:     Firefly Entertainment, Inc.
        13 Management LLC
        Euro Tribeca LLC
        _____

        _____


9/3/15

A-15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DOUGLAS ELLIMAN LLC,

Plaintiff,

-against-

FIREFLY ENTERTAINMENT INC.,
13 MANAGEMENT LLC and EURO TRIBECA
LLC,

Defendants.

---

**SUMMONS**

Index No. 650386/2018

**You Are Hereby Summoned** *to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance with a demand for the complaint, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.*

*Plaintiffs designate* New York County as the place of trial.

*The basis of the venue is* Plaintiff's place of business.

*Dated this* 25th *day of* January, 2018.

**Cole Hansen Chester LLP**
*Attorneys for Plaintiff*
By: Michael S. Cole, Esq.
*767 Third Avenue – 24th Floor*
*New York, New York 10017*
*Tel: (212) 599-1535*

FILED: NEW YORK COUNTY CLERK 01/25/2018 02:15 PM    INDEX NO. 650386/2018
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 01/25/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------

DOUGLAS ELLIMAN LLC,

                        Plaintiff,                      **COMPLAINT**

            -against-                                   Index No. 650386/2018

FIREFLY ENTERTAINMENT INC.,
13 MANAGEMENT LLC and EURO TRIBECA
LLC,

                        Defendants.

-------------------------------------------------------

The plaintiff Douglas Elliman LLC by its attorneys Cole Hansen Chester LLP,

complaining of the defendants, respectfully alleges:

*The Parties*

1.    The plaintiff ***Douglas Elliman LLC***, hereinafter "Douglas Elliman" or

"Plaintiff" is a licensed real estate broker authorized to do business in the State and

County of New York.

2.    The defendant ***Firefly Entertainment Inc.*** (hereinafter "Firefly") is a

Tennessee corporation owned, controlled and agent with apparent authority in behalf of a

famous celebrity referred to herein as the "HPP" or *high profile person*.

Page 1 of 12

FILED: NEW YORK COUNTY CLERK 01/25/2018 Filed 02/16M8 Page 7 of 20 INDEX NO. 650386/2018
NYSCEF DOC. NO. 2                                                      RECEIVED NYSCEF: 01/25/2018

 

      3.     The defendant *13 Management LLC* (hereinafter "13 Management") is a Tennessee limited liability corporation owned, controlled and agent with apparent authority in behalf of behalf of a famous celebrity referred to herein as the "HPP" or high profile person.

      4.     The defendant *Euro Tribeca LLC* is a New York Limited Liability Corporation owned and controlled by the HPP, having taken title to the real property located at 153 Franklin Street in Manhattan on or about October 25, 2017.

*Statement of the Claim*

      5.     This is a claim of breach of contract of a written exclusive promise to represent the "HPP" in connection with her purchase of a townhouse located at 153 Franklin Street in Manhattan.

      6.     The defendants Firefly and 13 Management are the entities used by the HPP as her agent and generally known as agents with apparent authority to act in behalf of the HPP, a famous celebrity and disclosed principal. The defendants also represented themselves as plaintiff's only channel of communication with the HPP.

      7.     In this case, the defendants Firefly and 13 Management, acting in behalf of the HPP with apparent authority to do so, gave plaintiff's real estate agent unambiguous written promise of sole right to represent the HPP as buyer regarding 153 Franklin Street.

The promise was made via email dated January 25, 2017. The promise is contained within the four corners of the email more particularly pled below. *See* **Exhibit A**.

8.      The plaintiff's real estate agent in reliance on defendants' promise introduced defendants Firefly and/or 13 Management to the property. The plaintiff's agent thereafter made a detailed showing of the premises to defendants in behalf of the HPP. The plaintiff's real estate agent moreover then personally introduced the owner of 153 Franklin Street to the defendants Firefly and/or 13 Management acting in behalf of the HPP. In further reliance on the promise, plaintiff's agent measured the building using a laser device, then provided the blue prints for 153 Franklin Street to defendants Firefly and/or 13 Management in behalf of the HPP. Further apropos, plaintiff's agent engaged in preliminary negotiations with the owner of 153 Franklin Street in connection with the prospective purchase of 153 Franklin Street by the HPP.

9.      Moreover, and equally salient, the plaintiff's real estate agent made the introduction and showing of 153 Franklin Street to defendants Firefly and/or 13 Management recognizing the unique attribute 153 Franklin Street had for the HPP.

10.     The salient feature of 153 Franklin Street recognized by plaintiff's real estate agent is that it not only abuts the building where the HPP has her penthouse apartment, but it also contains an attached indoor garage and driveway. This in contrast with the abutting building where the HPP has her penthouse apartment which does not have an indoor garage. A vehicle must be parked on the street requiring the HPP to enter

FILED: NEW YORK COUNTY CLERK 01/25/2018 01:02 PM    INDEX NO. 650386/2018
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 01/25/2018

her building from the outside. The plaintiff's real estate agent recognized that alteration of the abutting wall would permit the HPP to enter and leave her penthouse apartment through 153 Franklin Street where she could access her vehicle from the interior of the garage. Therefore, plaintiff's agent introduced the property to defendants Firefly and/or 13 Management for and in behalf of the HPP their principal.

11.    The promise of sole right to represent the HPP as buyer regarding purchase of 153 Franklin Street was then breached by defendants Firefly and/or 13 Management in that plaintiff's real estate agent was subsequently excluded from the transaction. Title to 153 Franklin Street was transferred to HPP's corporation, defendant Euro Tribeca LLC, on or about October 25, 2017. Upon information and belief, another real estate broker was paid a real estate brokerage commission on sale to the HPP as buyer. Plaintiff received no real estate brokerage commission on the sale of 153 Franklin Street.

12.    The plaintiff Douglas Elliman therefore seeks breach of contract damages measured as the real estate brokerage commission its real estate agent was prevented from earning in breach of promise in breach of contract as a matter of law.

13.    Damages sought are in the amount of $1,080,000 (one million eighty thousand dollars) which is six percent (6%) of the purchase price believed to have been paid by the HPP for purchase of 153 Franklin Street. The purchase price is believed to have been $18,000,000 (eighteen million dollars).

FILED: NEW YORK COUNTY CLERK 01/25/2018 10:02 AM    INDEX NO. 650386/2018
NYSCEF DOC. NO. 2                                     RECEIVED NYSCEF: 01/25/2018

14.    Six percent (6%) of the purchase price will moreover be shown as the customary real estate brokerage commission paid on sale of like high end real property in the subject location.

15.    Alternatively, damages sought to be measured as that amount which the proof shall show as the actual real estate brokerage commission paid on sale of 153 Franklin Street to the HPP through the HPP's corporate entity: defendant Euro Tribeca LLC.

*The Material Facts*

16.    On or about December 2016, defendants Firefly and 13 Management contacted the plaintiff's real estate agent concerning a potential purchase by the HPP of 15 Leonard Street in Manhattan. The plaintiff's real estate agent was the Douglas Elliman listing agent for 15 Leonard Street. It was known by plaintiff's agent and known generally that the named defendants Firefly Entertainment Inc. and 13 Management LLC were owned and/or represented and acted with apparent authority in behalf of the HPP.

17.    On or about January 2017, plaintiff's agent introduced the HPP to the real property 153 Franklin Street through her agents-defendants Firefly and 13 Management. This property was introduced as an alternative to purchase of 15 of Leonard Street aforementioned. The plaintiff's real estate agent making known to defendants Firefly and

13 Management the possibility of connecting 153 Franklin Street to the abutting building

where the HPP owns her penthouse apartment.

18.     On January 25, 2017, in response to request, the defendants Firefly

Entertainment Inc. and 13 Management LLC known and understood to be acting for the

HPP sent an email to plaintiff's agent.  The email stated that defendants Firefly and 13

Management in behalf of the HPP, were working *solely* with plaintiff's real estate agent

concerning 153 Franklin Street.  The email further stated that it was intended to be shown

to the owner of 153 Franklin Street.  The request for the email was made by plaintiff's

real estate agent with the express and stated purpose of showing seller the plaintiff's

exclusive agency regarding purchase of 153 Franklin Street by the HPP.  *See* Exhibit A.

19.     On or about January 27, 2017, in reliance on the promise of sole

representation of the HPP as buyer, the plaintiff's real estate agent made a detailed

showing of the real property 153 Franklin Street to defendants Firefly and/or 13

Management in the HPP's behalf.

20.     On or about February 2, 2017, also in reliance on the promise of sole

representation, the plaintiff's real estate agent measured the building 153 Franklin Street

using a laser device: such measurement made for use by defendants in connection with

the prospective purchase of 153 Franklin Street by the HPP.

FILED: NEW YORK COUNTY CLERK 01/25/2018 02/10/2018  Page 12 of 20  INDEX NO. 650386/2018
NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 01/25/2018

21.     On or about February 3, 2017, in reliance on the promise of sole representation, plaintiff's agent personally introduced defendants Firefly and/or 13 Management, acting in the HPP's behalf, to the owner of 153 Franklin Street.

22.     On or about February 5, 2017, in reliance on the promise of sole representation, plaintiff's real estate agent obtained the blue prints for 153 Franklin Street and provided them to defendants Firefly and/or 13 Management in the HPP's behalf.

23.     On or after March 2017, plaintiff's agent received no further substantive contact from defendants concerning the purchase of 153 Franklin Street by the HPP as though the transaction was no longer moving forward.

24.     Notwithstanding the written promise of sole representation and actions by plaintiff's agent in reliance as aforesaid, the plaintiff's agent came to learn that in fact plaintiff had been excluded from the transaction whereof 153 Franklin Street was sold to the HPP through her corporate entity, defendant *Euro Tribeca LLC*, on or about October 25, 2017.

25.     Upon information and belief, another real estate broker closed the transaction and received a real estate brokerage commission on the sale of 153 Franklin Street to the HPP.

FILED: NEW YORK COUNTY CLERK 01/25/2018 Filed 02/16/18   Page 13 of 20   NO. 650386/2018
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 01/25/2018

AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANTS FIREFLY AND 13 MANAGEMENT
(Breach of Contract)

26.     The plaintiff repeats and re-alleges paragraphs 1 through 25 hereof as if fully set forth herein.

27.     The written promise of sole representation regarding purchase of 153 Franklin Street was made by defendants Firefly and 13 Management as agents with apparent authority in behalf of the HPP with regard to the HPP's prospective purchase of 153 Franklin Street as aforesaid.

28.     The plaintiff's real estate agent substantively acted in reliance on the promise by the HPP's agents-defendants Firefly and 13 Management with apparent authority to the detriment of the plaintiff and the substantive benefit of defendants and their principal the HPP as aforesaid.

29.     The plaintiff's agent and plaintiff were thereafter wrongfully excluded from the transaction by defendants and thereby wrongfully prevented from earning the real estate brokerage commission on the sale of 153 Franklin Street to the HPP in breach of promise and in breach of agreement as a matter of law as aforesaid.

30.    That therefore, plaintiff has been damaged in the amount of such real estate brokerage commission which is customary in the brokerage industry for the subject property in the subject location: which is six percent (6%) of the purchase price.

31.    Upon information and belief, the real property 153 Franklin Street was sold to the HPP's corporate entity, defendant *Euro Tribeca LLC* on or about October 25, 2017 at a purchase price of $18,000,000 (Eighteen Million Dollars).

32.    That by reason of the foregoing, plaintiff is lawfully entitled to breach of contract damages from the defendants Firefly and 13 Management jointly and severally in the amount of $1,080,000.00 (One Million Eighty Thousand Dollars) which is six percent (6%) of the purchase price believed to have been paid by the HPP as buyer of 153 Franklin Street as aforesaid.

33.    Alternatively, by reason of the foregoing, plaintiff is lawfully entitled to breach of contract damages against defendants Firefly and 13 Management jointly and severally in that amount which the proof shall show was the actual real estate brokerage commission paid on purchase of 153 Franklin Street by the HPP as buyer through her corporate entity defendant Euro Tribeca LLC as aforesaid.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT EURO TRIBECA LLC
(Tortious Interference with Contract)**

Page 9 of 12

9 of 12

FILED: NEW YORK COUNTY CLERK 01/25/2018 Filed 02/16/18  Page 15 of 20 INDEX NO. 650386/2018
NYSCEF DOC. NO. 2                                           RECEIVED NYSCEF: 01/25/2018

34.    Plaintiff repeats and re-alleges paragraphs 1 through 33 hereof as if fully
set forth herein,

35.    The defendant Euro Tribeca LLC was incorporated and purposed not just
to receive title to the real property 153 Franklin Street in behalf of the HPP but also to
facilitate and prevent the plaintiff from learning of the beneficial purchase of 153
Franklin Street by the HPP in breach of agreement as aforesaid.

36.    That by reason of the use of Euro Tribeca LLC to facilitate breach of
promise to plaintiff, defendant Euro Tribeca LLC as a matter of fact, and through its
instrumentality, intentionally and tortuously interfered with the promise and agreement
aforesaid made by defendants Firefly and 13 Management made to plaintiff.

37.    That by reason of the foregoing, plaintiff is lawfully entitled to damages
for tortious interference from defendant Euro Tribeca LLC measured in the amount of
$1,080,000.00 (One Million Eighty Thousand Dollars) which is six percent (6%) of the
purchase price believed to have been paid by the  HPP as buyer of 153 Franklin Street as
aforesaid.

38.    Alternatively, by reason of the foregoing, plaintiff is lawfully entitled to
tortious interference damages against defendant Euro Tribeca LLC in the amount which
the proof shall show was the actual real estate brokerage commission paid on purchase of
153 Franklin Street by HPP as buyer as aforesaid.

FILED: NEW YORK COUNTY CLERK 01/25/18 Filed 02/16/18   Page 16 of 20  INDEX NO. 650386/2018

NYSCEF DOC. NO. 2                                                        RECEIVED NYSCEF: 01/25/2018

**WHEREFORE**, the plaintiff demands judgment as follows:

1.    On the First Cause of Action against the defendants *Firefly Entertainment Inc.* and *13 Management LLC* jointly and severally, breach of contract damages in the amount of $1,080,000.00 (One Million Eighty Thousand Dollars). Alternatively, damages jointly and severally in such amount as the proof shall show as the actual real estate brokerage commission paid on sale of 153 Franklin Street to the HPP buyer or her corporate entity, defendant Euro Tribeca LLC.

2.    On the First Cause of Action against defendant *Euro Tribeca LLC* tortious interference with contract damages in the amount of $1,080,000.00 (One Million Eighty Thousand Dollars). Alternatively, tortious interference with contract damages in such amount as the proof shall show as the actual real estate brokerage commission paid on sale of 153 Franklin Street to the HPP buyer or her corporate entity, defendant Euro Tribeca LLC.

3.    Judgment interest and costs.

4.    Such other and further relief as may be just and proper.

Dated: New York, New York
       January 25, 2018

A-27

Yours, etc.

COLE HANSEN CHESTER LLP
Attorneys for Plaintiff
By: Michael S. Cole, Esq.
767 Third Avenue – 24th Floor
New York, New York 10017
Tel: (212) 599-1535

FILED: NEW YORK COUNTY CLERK 01/25/2018     INDEX NO. 650386/2018
NYSCEF DOC. NO. 3                                    RECEIVED NYSCEF: 01/25/2018

# Exhibit A

Exhibit A

FILED: NEW YORK COUNTY CLERK 01/25/2018 11:15 AM    INDEX NO. 650386/2018
NYSCEF DOC. NO. 3                                    RECEIVED NYSCEF: 01/25/2018

**From:** Andrew Azoulay [mailto:andrewazoulay@████████]
**Sent:** Wednesday, January 25, 2017 1:51 PM
**To:** Charlie Maimye
**Subject:** Fwd: 153 Franklin

See below. Can we get in at 4-5

Sent from my iPhone

Begin forwarded message:

> **From:** Ryan Malutinok <ryan@███████>
> **Date:** January 25, 2017 at 12:17:14 PM EST
> **To:** andrewazoulay@█████████
> **Subject: 153 Franklin**
>
> Andrew,
>   This email is intended for your use with the owner of 153 Franklin.
> This is to confirm that we Firefly Entertainment/13 Management are
> working with you solely regarding the viewing and any other needs at
> 153 Franklin.  There will not be any other lines of communication
> outside of myself.  Thank you and please let me know if you need
> anything further.
>
> **Ryan Malutinok**
> **Firefly Entertainment Inc./13 Management**
> **(615)** ████████████

*Index No.* 650386                                                                    *Year* 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

**DOUGLAS ELLIMAN LLC,**

*Plaintiff,*

*-against-*

**FIREFLY ENTERTAINMENT INC.,
13 MANAGEMENT LLC and EURO TRIBECA LLC,**

*Defendants.*

---

**SUMMONS and COMPLAINT
with NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO
MANDATORY ELECTRONIC FILING**

---

**Cole Hansen Chester LLP**
Attorneys for Plaintiff
By: Michael S. Cole, Esq.
767 Third Avenue – 24th Floor
New York, New York 10017
Tel: (212) 599-1535

---

TO:

Attorney(s) for

---

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

A-31

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOUGLAS ELLIMAN LLC, | Case No. 1:18-cv-01381-JMF |
| Plaintiff, | |
| -against- | Hon. Jesse M. Furman |
| FIREFLY ENTERTAINMENT INC., 13 MANAGEMENT LLC, and EURO TRIBECA LLC, | |
| Defendants. | Oral Argument Requested |

## <u>NOTICE OF MOTION TO DISMISS</u>

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law in Support of Defendants Motion to Dismiss, Defendants Firefly Entertainment Inc., 13 Management LLC, and Euro Tribeca LLC, by and through their undersigned attorneys, will move before the Honorable Jessie M. Furman, United States District Judge, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, on such date as the Court will determine, for an Order under Federal Rule of Civil Procedure 12(b)(6) dismissing the Complaint.

Dated:  March 6, 2018
         New York, NY

                                       Respectfully submitted,

                                        /s/ J. Douglas Baldridge

                                  **VENABLE LLP**

                                  J. Douglas Baldridge
                                    600 Massachusetts Avenue
                                    Washington, DC 20001
                                    JBaldridge@Venable.com
                                    Tel: 202.344.4703

                                  John C. Vazquez
                                    1270 Avenue of the Americas,
                                    24th Floor
                                    New York, NY 10012

A-32

JVazquez@Venable.com
Tel: 212.370.6293

*Attorneys for Defendants Firefly Entertainment
Inc., 13 Management LLC, and Euro Tribeca LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DOUGLAS ELLIMAN LLC, | | Case No. 1:18-cv-01381-JMF |
| | Plaintiff, | |
| -against- | | Hon. Jesse M. Furman |
| FIREFLY ENTERTAINMENT INC., 13 MANAGEMENT LLC, and EURO TRIBECA LLC, | | |
| | Defendants. | Oral Argument Requested |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

VENABLE LLP

J. Douglas Baldridge
 600 Massachusetts Avenue,
 Washington, DC 20001
 JBaldridge@Venable.com
 Tel: 202.344.4703

John C. Vazquez
 1270 Avenue of the Americas,
 New York, NY 10012
 JVazquez@Venable.com
 Tel: 212.370.6293

*Attorneys for Defendants Firefly*
*Entertainment Inc., 13 Management*
*LLC, and Euro Tribeca LLC*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ............................................................................... 2

ARGUMENT ........................................................................................................ 5

I.      Douglas Elliman Fails to State a Claim for Breach
        of Contract ............................................................................................... 6

        A.  Douglas Elliman Has Not Earned Any Real Estate Commission..................... 6

        B.  Douglas Elliman Has Not Alleged the Existence of an Enforceable Exclusive
            Agency Contract ......................................................................................... 8

II.     Douglas Elliman Fails to State a Claim for
        Tortious Interference with Contract .................................................... 10

CONCLUSION................................................................................................... 11

i

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).................................................................................5

*Bennett v. Atomic Prod. Corp.,*
    132 A.D.3d 928 (1st Dep't 2015) ..............................................................10

*Bracha NY, LLC v. Moncler USA Retail LLC,*
    2017 N.Y. Slip Op. 30996(U), 2017 WL 1955275 (Sup. Ct. N.Y. Cnty
    2017) ..........................................................................................................9

*Cantor Fitzgerald v. Lutnick,*
    313 F.3d 704 (2d Cir. 2002)......................................................................5

*Conrad v. Golden,*
    275 A.D. 946, 89 N.Y.S.2d 689 (2d Dep't 1949)....................................10

*Cooper Square Realty, Inc. v. A.R.S. Management, Ltd.,*
    181 A.D.2d 551 (1st Dep't 1992) ..............................................................9

*Discover Grp., Inc. v. Lexmark Int'l, Inc.,*
    333 F. Supp. 2d 78 (E.D.N.Y. 2004) ......................................................11

*Douglas Elliman LLC v. 308 East 109th Street LLC,*
    No. 650678/2016 (Sup. Ct. N.Y. Cnty, filed Feb 10, 2016) ......................1

*Douglas Elliman LLC v. 74 Washington Place Partners LLC,*
    No. 651401/2016 (Sup. Ct. N.Y. Cnty, filed Mar. 17, 2016) .....................1

*Douglas Elliman LLC v. Berman,*
    No. 654725/2017 (Sup. Ct. N.Y. Cnty, filed Jul. 11, 2017) ......................1

*Douglas Elliman, LLC v. Corcoran Group Marketing,*
    No. 650743/2011, 2011 WL 10893904 (Sup. Ct. N.Y. Cnty, Sept. 15,
    2011) ..................................................................................................1, 6, 7

*Douglas Elliman LLC v. Grand Street Development LLC,*
    No. 159800/2015 (Sup. Ct. N.Y. Cnty, filed Sept. 24, 2015)....................1

*Douglas Elliman v. Corcoran,*
    93 A.D.3d at 540 (1st Dep't 2012) ......................................................7, 10

*Fire Island Real Estate, Inc. v. Coldwell Banker Residential Brokerage,*
    131 A.D.3d 507 (2d Dep't 2015)..............................................................10

*Greene v. Hellman*,
    412 N.E.2d 1301 (N.Y. 1980)....................................................................6, 8

*Helmsley-Spear, Inc. v. 150 Broadway N.Y. Assocs. L.P.*,
    251 A.D.2d 185 (1st Dep't 1998) ...................................................................7

*Hirschfeld Props. v. Juliano*,
    3 A.D.3d 399 (1st Dept. 2004)........................................................................9

*Indus. & Commercial Realty Assocs. Co. v. Great Atl. & Pac. Tea Co.*,
    68 A.D.2d 853 (1st Dep't 1979) .....................................................................8

*Kronos, Inc. v. AVX Corp.*,
    612 N.E.2d 289 (N.Y. 1993)..........................................................................10

*Muldoon v. Silvestre*,
    283 A.D. 886 (2nd Dep't 1954) ......................................................................6

*Parkway Group Ltd. v. Modell's Sporting Goods*,
    254 A.D.2d 338 (2d Dep't 1998) .................................................................8, 9

*Retail Advisors, Inc. v. SLG 625 Lessee LLC*,
    138 A.D.3d 425 (1st Dep't 2016) ...................................................................8

*Rexnord Holdings, Inc. v. Bidermann*,
    21 F.3d 522 (2d Cir. 1994)..............................................................................6

*Sibbald v. Bethlehem Iron Co.*,
    83 N.Y. 378 (1881) .........................................................................................6

*Snyder v. Sony Music Entm't, Inc.*,
    252 A.D.2d 294 (1st Dep't 1999) .................................................................11

*SPRE Realty, Ltd. v. Dienst*,
    119 A.D.3d 93 (1st Dep't 2014) .....................................................................7

*Trihy v. Belsha*,
    52 Misc. 2d 590 (Sup. Ct. Suffolk Cnty 1966) ..............................................6

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1

Defendants Firefly Entertainment Inc., 13 Management LLC, and Euro Tribeca LLC ("Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by Douglas Elliman LLC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

This suit is the latest in a long line of lawsuits brought by Plaintiff Douglas Elliman seeking commissions for real estate transactions in which it had little or no involvement.[1] In keeping with this pattern, through this action Douglas Elliman seeks more than a million dollars for a real estate transaction in which it does not claim to have played any material role.

The Complaint alleges that Douglas Elliman's only activity in connection with the property underlying its claim took place over the course of about a week, during which time Douglas Elliman's agent arranged one showing and provided some basic information about the property to Defendants, and then never had any contact with them again. Almost nine months later, with zero intervening contact with Elliman, the property was sold. Douglas Elliman makes no pretense that it or its agent had any role whatsoever in the negotiation or consummation of the sale of the property. Yet, despite not having been involved in any capacity with the purchase and sale of the property, Douglas Elliman claims that by dint of its minimal efforts, it was entitled to the exclusive commission should Defendants ever buy the property, without the obligation to actually do anything required by law to bring about the transaction.

---

[1] *See, e.g., Douglas Elliman LLC v. Berman*, No. 654725/2017 (Sup. Ct. N.Y. Cnty, filed Jul. 11, 2017) (alleging breach of exclusivity agreement); *Douglas Elliman LLC v. 74 Washington Place Partners LLC*, No. 651401/2016 (Sup. Ct. N.Y. Cnty, filed Mar. 17, 2016) (same; seeing over $1 million in damages); *Douglas Elliman LLC v. 308 East 109th Street LLC*, No. 650678/2016 (Sup. Ct. N.Y. Cnty, filed Feb 10, 2016) (seeking $50,000 for a transaction that never occurred); *Douglas Elliman LLC v. Grand Street Development LLC*, No. 159800/2015 (Sup. Ct. N.Y. Cnty, filed Sept. 24, 2015) (seeking just under $1 million for alleged breach of exclusivity agreement); *Douglas Elliman, LLC v. Corcoran Group Marketing*, No. 650743/2011, 2011 WL 10893904 at *7 (Sup. Ct. N.Y. Cnty, Sept. 15, 2011) (claim for commission dismissed).

A-38

However, it is a longstanding and well-established rule in New York that a broker is not entitled to a commission on a real estate sale unless he or she is the "procuring cause" of the transaction. And, the facts pled in Douglas Elliman's Complaint demonstrate the opposite—its agent was not the "procuring cause" of Defendant Euro Tribeca LLC's purchase of the property at issue. Therefore, Douglas Elliman cannot state a claim for the commission.

Although Douglas Elliman alleges that two of the Defendants promised Elliman's agent the sole right to represent them with respect to the purchase of the property, this does not change the analysis, nor rehabilitate Elliman's defective first cause of action for breach of contract. Under New York law, a broker seeking compensation for any reason other than that he or she was the procuring cause of the transaction must demonstrate the existence of a "special contract" establishing all material terms of the broker's engagement.[2] Elliman makes no attempt to do so (as he could not), and therefore has not stated a plausible claim for breach of contract.

Elliman's second and final cause of action, for tortious interference with contract, fails for the same reasons: the existence of a contract, and a breach of that agreement, are necessary elements of a claim for tortious interference with contract. Douglas Elliman's failure to plead either of these elements is a fatal defect that precludes a claim for tortious interference. Accordingly, Douglas Elliman's Complaint should be dismissed in its entirety.

## FACTUAL BACKGROUND

The facts of this case, as alleged in the Complaint and taken as true for the purpose of this motion, are simple.

---

[2] Of course, Plaintiff makes no claim of the execution of the industry standard "Buyer's Agreement," in which a buyer commits to the unusual step of agreeing to pay a Buyer's commission, because no such agreement ever existed.

2

Andrew Azoulay is a real estate agent associated with the real estate brokerage Douglas Elliman LLC. Azoulay claims that in December 2016, Defendants Firefly Entertainment Inc. and 13 Management LLC (collectively "Firefly Entertainment") approached him and expressed interest in potentially purchasing a property at 15 Leonard Street in Manhattan, for which Azoulay was the listing agent. (Compl. ¶ 16). According to the Complaint, Firefly Entertainment was acting at the behest of an individual who owns a residence in a building adjacent to 15 Leonard Street, and who was considering purchasing the 15 Leonard Street property so as to allow indoor access from the adjoining residence to a garage and indoor driveway, amenities that the individual's adjacent residence lacked. (Compl. ¶¶ 10, 17). Azoulay allegedly proposed that another nearby property, located at 153 Franklin Street, might present an alternative solution to this particular need. (Compl. ¶ 10).

The sum total of Azoulay's alleged involvement with respect to the property at 153 Franklin Street lasted just over a week, and consisted of:

- Making a showing of the Franklin Street property on January 27, 2017 (Compl. ¶ 19);

- Measuring the building using a laser device on February 2, 2017 (Compl. ¶ 20);

- Introducing Firefly Entertainment to the owner of the building on February 3, 2017 (Compl. ¶ 21); and

- Obtaining the blueprints for the building and providing them to Firefly Entertainment on February 5, 2017 (Compl. ¶ 22).

The Complaint does not allege that Azoulay conducted any further efforts whatsoever to bring about a sale of the Franklin Street property, and admits that from at least March 2017 forward, there was no further contacted between Firefly Entertainment and Azoulay or Douglas Elliman regarding the Franklin Street property. (Compl. ¶ 23).

On October 25, 2017—roughly nine months after Azoulay's last contact with Firefly Entertainment—defendant Euro Tribeca LLC allegedly purchased the Franklin

3

Street property for $18 million. (Compl. ¶¶ 24, 31). Perhaps more importantly than what the Complaint *does* allege is what the Complaint *does not* allege (and cannot honestly do so):

- Elliman does not allege it conducted any further showings of the property;

- Elliman does not allege it facilitated Defendants in making an offer on the property;

- Elliman does not allege that Defendants ever signed any buyer's agreement or formal contract;

- Elliman does not allege to have negotiated on behalf of Defendants;

- Elliman does not allege to have participated in any way in the drafting, negotiation, or execution of the sale agreements;

- Elliman does not allege the existence of any agreement for an objective method or formula of payment of a claimed commission; and,

- Elliman does not allege any continuity between the showing and the final sale, or that it in any way caused the transaction to come to fruition.

Nonetheless, Douglas Elliman claims it is entitled to receive a commission of 6% of the sale price, equaling $1.08 million. (Compl. ¶ 32).

The Complaint makes no pretense that Azoulay actually *earned* that tremendous commission; instead, Elliman argues that Azoulay was "wrongfully *prevented from earning* the real estate brokerage commission." (Comp. ¶ 29) (emphasis added). This argument balances on a single email sent to Azoulay on January 25, 2017—nine months before Euro Tribeca's purchase of the Franklin Street property—from a representative of Firefly Entertainment. That email, which was sent at Azoulay's request, reads in its entirety:

> Andrew,
>
> This email is intended for your use with the owner of 153 Franklin. This is to confirm that we Firefly Entertainment/13 Management are working with you solely regarding the viewing and any other needs at 153 Franklin. There will not be any other lines of communication outside of myself. Thank you and please let me know if you need anything further.

4

(Compl. Ex. A). In Elliman's telling, this single email comprises a binding contract and a "written promise of sole representation regarding the purchase of 153 Franklin Street" that was breached when Euro Tribeca LLC purchased the Franklin Street property. (Compl. ¶ 27). The Complaint alleges this agreement was contained within the "four corners" of this "unambiguous" email. (Compl. ¶ 7). There are no allegations whatsoever that the parties agreed to terms outside of this email, such as the duration of the alleged agreement, the amount or basis of any compensation to be paid, or the services that were to be provided.

Douglas Elliman's Complaint also alleges that Defendant Euro Tribeca LLC was incorporated not only to receive the title to the Franklin Street property, "but also to facilitate and prevent the plaintiff from learning of the beneficial purchase" of the Franklin Street property, thereby tortuously interfering with the alleged contract between Firefly Entertainment and Elliman. (Compl. ¶ 35).

## ARGUMENT

To survive a motion to dismiss, a complaint must set forth "sufficient factual matter" to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In evaluating whether a complaint states a claim, the Court need not give "credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings. *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002). The court should begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and then determine whether the factual allegations pled state a plausible claim for relief. *Iqbal*, 556 U.S. 679.

Both Douglas Elliman's breach of contract claim and its claim for tortious interference with contract fail this assessment, and should therefore be dismissed.

I.      **Douglas Elliman Fails to State a Claim for Breach of Contract**

"Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994). Douglas Elliman's Complaint fails to identify a valid contract, fails to plead that Elliman performed under any contract, and fails to allege any breach by Defendants.

A.      **Douglas Elliman Has Not Earned Any Real Estate Commission**

In the context of a claim for a commission, a broker must demonstrate not only the existence of a valid contract, but also that he or she was the "procuring cause" of the sale at issue. *Greene v. Hellman*, 412 N.E.2d 1301, 1307 (N.Y. 1980). "The term 'procuring cause' has been defined by the courts as a chain of events set in motion by the broker that, without a break in their continuity, cause the buyer and seller to reach agreement on the sale as the proximate result of the broker's efforts." *Douglas Elliman, LLC v. Corcoran Group Marketing*, No. 650743/2011, 2011 WL 10893904 at *7 (Sup. Ct. N.Y. Cnty, Sept. 15, 2011) *aff'd* 93 A.D.3d 539 (1st Dep't 2012); *see also Sibbald v. Bethlehem Iron Co.*, 83 N.Y. 378, 383 (1881) ("The duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made").

Courts routinely dismiss claims by brokers seeking commissions on facts similar to those that are pled by Douglas Elliman here. *See, e.g., Muldoon v. Silvestre*, 283 A.D. 886, 866 (2nd Dep't 1954) ("an allegation that plaintiffs employee 'showed the house' to the purchasers and 'endeavored to negotiate a sale' and that thereafter a sale was consummated, is not an allegation that plaintiff was the procuring cause of the sale"); *Trihy v. Belsha*, 52 Misc. 2d 590, 592 (Sup. Ct. Suffolk Cnty 1966) (dismissing complaint and holding "a broker may not recover for an unsuccessful effort, even though

6

through his effort, and under later and more advantageous circumstances, a sale may eventuate between the seller and the broker's purchaser").

Indeed, the Complaint is rife will allegations that contradict any claim that Azoulay or Douglas Elliman were the "procuring cause" of Defendants' purchase of the Franklin Street property. A similar—and similarly misguided—previous lawsuit brought by Douglas Elliman provides a useful comparison: In *Douglas Elliman, LLC v. Corcoran Group Marketing*, the Appellate Division affirmed the dismissal of Elliman's claims for a real estate commission, where Elliman alleged its agent "brought about the acquaintance" of the buyer and seller but did not get the buyer to make an offer, did not negotiate the terms of the sale, and "failed to show any continuity between the showing of [the property] and the final sale," which occurred months after the showing. *Douglas Elliman v. Corcoran*, 2011 WL 10893904 at *7; *aff'd* 93 A.D.3d 539; *see also Helmsley-Spear, Inc. v. 150 Broadway N.Y. Assocs. L.P.*, 251 A.D.2d 185, 186, (1st Dep't 1998) ("A showing that a broker simply introduced the parties or called the property to the tenant's attention, without more, does not entitle the broker to a commission."). Douglas Elliman's allegations in this action are equally deficient.

Elliman's Complaint acknowledges its agent's only role was to show the Franklin Street property, to provide basic information about the measurements and layout, and to make an introduction to the property owner. (Compl. ¶¶ 19-22). Nearly nine months passed between these minimal efforts by Azoulay and the closing on the Franklin Street property—with which Elliman concedes it had no involvement. And, during that time there was no contact between Azoulay and the Defendants, leading Azoulay to the conclusion that the transaction was abandoned. (Compl. ¶¶ 23-24). These allegations are plainly and woefully inadequate to state a claim for a brokerage commission. *See, e.g. Helmsley-Spear*, 251 A.D.2d at 186; *compare SPRE Realty, Ltd. v. Dienst*, 119 A.D.3d 93, 100, (1st Dep't 2014) (allegations sufficient where plaintiff negotiated favorable terms, prepared a deal sheet with defendant's offer, and drafted a contract of sale).

7

**B.    Douglas Elliman Has Not Alleged the Existence of
an Enforceable Exclusive Agency Contract**

Tacitly conceding it was not the procuring cause of Euro Tribeca's purchase of the Franklin Street property, and therefore that it has not earned any commission, Douglas Elliman argues that it should nonetheless receive a million-dollar payday because Firefly Entertainment breached a "written promise of sole representation regarding the purchase of 153 Franklin Street." (Compl. ¶ 27).

Interpreting the one email upon which this allegation is founded as a "promise" of exclusive representation strains credulity; but even with the benefit of this tenuous interpretation, Douglas Elliman has failed to state a cognizable claim for breach of contract.

In order to escape the longstanding rule that a broker is only owed a commission where he or she is the procuring cause of the sale, so as to seek payment on some other basis, the broker must allege the existence of a "special contract" that sets forth all material terms regarding the broker's engagement. *See, e.g., Greene*, 412 N.E.2d at 1301; *Retail Advisors, Inc. v. SLG 625 Lessee LLC*, 138 A.D.3d 425, 425–26 (1st Dep't 2016) ("plaintiff failed to present any evidence that the parties intended a brokerage agreement to be a 'special agreement' which would entitle plaintiff to a commission even if it were not the procuring cause"); *Indus. & Commercial Realty Assocs. Co. v. Great Atl. & Pac. Tea Co.,* 68 A.D.2d 853, 853 (1st Dep't 1979) (real estate broker did not state a claim where the complaint did not "allege an express, special contract," but merely an "implied promise").

No such "special contract" is alleged here.

There are no allegations the parties ever reached a meeting of the minds regarding the amount of compensation to be paid, when or how that compensation would be earned, or the duration of the exclusivity period. Each of these is a material term, and the absence of any one alone would be grounds for dismissal. On this point, *Parkway Group Ltd. v.*

8

*Modell's Sporting Goods*, 254 A.D.2d 338 (2d Dep't 1998), is instructive. In *Parkway*, as here, a real estate agent alleged that a "letter agreement" created an exclusive agency or exclusive right to negotiate on behalf of the defendant, and gave the agent the right to recover a commission despite not having been the procuring cause of the transaction. *Id*. at 657. The New York Appellate Division affirmed the dismissal of this claim, finding (among other deficiencies) that "even if the agreement had created an exclusive agency, the broker would not be entitled to a commission because the agreement provided only for a commission 'at a rate to be negotiated,'" and "the agreement thus lacked an essential term as to the amount of the commission and constituted an unenforceable agreement to agree." *Id*. at 339. Here, of course, in the solitary memo relied upon by Plaintiff, there is no mention of the critical commission, much less an agreed rate or amount.

Similarly, in *Cooper Square Realty, Inc. v. A.R.S. Management, Ltd.*, 181 A.D.2d 551 (1st Dep't 1992), the Appellate Division affirmed dismissal of a suit over an alleged exclusive brokerage agreement that contained "no objective method or formula . . . for determining a commission." *Id*. at 551-52 The *Cooper Square* Court held that as "price is an essential ingredient of every contract for the rendering of services, an agreement must be definite as to compensation." *Id*.; *see also Hirschfeld Props. v. Juliano*, 3 A.D.3d 399, 399 (1st Dept. 2004) (the parties' writing "does not contemplate payment of plaintiff's commission by defendants, and thus is not a valid real estate brokerage agreement"); *Bracha NY, LLC v. Moncler USA Retail LLC*, 2017 N.Y. Slip Op. 30996(U), 2017 WL 1955275 at *7 (Sup. Ct. N.Y. Cnty 2017) (no commission owed where the brokerage agreement contained "no financial terms whatsoever").

Just as the plaintiffs in *Parkway*, *Cooper Square*, *Hirschfeld Properties*, and *Bracha*, Douglas Elliman has failed to allege the existence of an enforceable "special contract" that would entitle it to recover a seven-figure commission it admittedly did not earn. Elliman's breach of contract claim should therefore be dismissed.

II.     **Douglas Elliman Fails to State a Claim for
        Tortious Interference with Contract**

The elements of tortious interference with a contract under New York law are:
(1) the existence of a valid contract between plaintiff and a third party; (2) defendant's
knowledge of the contract; (3) the defendant's intentional obtainment of the contract's
breach; and (4) resultant damages. *Kronos, Inc. v. AVX Corp.*, 612 N.E.2d 289, 292 (N.Y.
1993).

For the reasons set forth at Point I above, Douglas Elliman has failed to plead the
existence of a valid contract between it and a third party. Elliman has also failed to allege
the element of damages, for if it has not pled any plausible theory under which it would
be legally entitled to a real estate commission on the purchase of the Franklin Street
property, it has no damages. Either of these two fundamental deficiencies—the absence
of a valid contract, and the lack of any plausible damages claim—would alone be
grounds for dismissal of Douglas Elliman's tortious interference claim. *See, e.g., Fire
Island Real Estate, Inc. v. Coldwell Banker Residential Brokerage*, 131 A.D.3d 507, 508
(2d Dep't 2015) (dismissing tortious interference claim where "plaintiff failed to establish
that there was a valid contract between the plaintiff and a third party"); *Douglas Elliman
v. Corcoran*, 93 A.D.3d at 540 (1st Dep't 2012) (no cause of action for tortious
interference where plaintiff broker was not the procuring cause of the ultimate purchase).
And, beyond that, even if the threadbare allegations in the Complaint were sufficient to
allege the existence of an enforceable exclusivity contract, Douglas Elliman's tortious
interference claim would nonetheless fail as a matter of law for yet a third reason.

There are no allegations in the Complaint that the so-called contract contained a
term of duration or expiration, and it is black-letter law that "contracts containing no
definite term of duration are terminable at will." *Bennett v. Atomic Prod. Corp.*, 132
A.D.3d 928, 929 (1st Dep't 2015); *see also Conrad v. Golden*, 275 A.D. 946, 946, 89
N.Y.S.2d 689, 690 (2d Dep't 1949) (exclusive real estate agency agreement without a

10

term of duration was terminable at will). It is equally well-settled in New York "that a contract terminable at will cannot be the basis for a tortious interference with contract claim." *Discover Grp., Inc. v. Lexmark Int'l, Inc.*, 333 F. Supp. 2d 78, 83–84 (E.D.N.Y. 2004) (internal quotations omitted) (dismissing claim for tortious interference with exclusive sales agency agreement); *see also Snyder v. Sony Music Entm't, Inc.*, 252 A.D.2d 294, 299 (1st Dep't 1999) ("the case law is clear that agreements that are terminable at will . . . cannot support a claim for tortious interference with existing contracts"). Therefore, even if Douglas Elliman's Complaint sufficiently pled the existence of a contract—and it does not—Elliman's claim for tortious interference should be dismissed as a matter of law.

## **CONCLUSION**

Through this lawsuit, Douglas Elliman asks the Court to award it a million-dollar payday for a transaction with which it concedes it had no involvement; and it justifies this demand by pointing to a contract that does not exist.

For more than 100 years, New York courts have used the "procuring cause" doctrine as a means of deterring unscrupulous real estate brokers from bringing just such claims, and used the requirement of a "special contract" as a means of preventing brokers from evading the procuring cause rule by means of dubious or imprecise communications with clients. These well-established legal principles render Douglas Elliman's Complaint deficient as a matter of law.

Douglas Elliman has failed to allege that it was the procuring cause of Defendant's purchase of the Franklin Street property, failed to allege the existence of a special contract, and failed to state a claim for tortious interference. As such, Douglas Elliman's complaint should be dismissed in its entirety.

11

A-48

Dated:  March 6, 2018
       New York, NY

Respectfully submitted,

  /s/J. Douglas Baldridge    

**VENABLE LLP**

J. Douglas Baldridge
 600 Massachusetts Avenue
 Washington, DC 20001
 JBaldridge@Venable.com
 Tel: 202.344.4703

John C. Vazquez
 1270 Avenue of the Americas,
 24th Floor
 New York, NY 10012
 JVazquez@Venable.com
 Tel: 212-370-6293

*Attorneys for Defendants Firefly Entertainment*
*Inc., 13 Management LLC, and Euro Tribeca LLC*

12

A-49

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOUGLAS ELLIMAN LLC,

                Plaintiff,

      *-against-*

FIREFLY ENTERTAINMENT INC.,
13 MANAGEMENT LLC and EURO
TRIBECA LLC,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 18-cv-1381 (JMF)

**MEMORANDUM OF LAW IN OPPOSITION**

**TO DEFENDANTS' MOTION TO DISMISS**

Dated: New York, New York
      March 26, 2018

COLE HANSEN CHESTER LLP
Attorneys for Plaintiff
By:  Michael S. Cole, Esq.
767 Third Avenue – 24th Floor
New York, New York  10017
Tel:  (212) 599-1535

*Page*

# TABLE OF CONTENTS

Table of Cited Authorities ........................................................... *ii*

Table of Cases .............................................................................. *ii*

Table of Statutes ......................................................................... *ii*

Introduction .................................................................................. 1

1. Statement in Opposition........................................................... 1

    a.  The Breach of Contract Claim ......................................... 1

        Defendants' Erroneous Statement of Substantive Law Regarding Breach of Contract Claim ................................................... 3

        The Exclusive Agency Contract ....................................... 4

    b.  Tortious Interference Claim ............................................. 6

2. Detail of Supporting Law.......................................................... 8

    Point I:
    Defendants Firefly Entertainment Inc. and 13 Management LLC Are Liable for a Real Estate Brokerage Commission to Plaintiff For Breach of the Exclusive Agency Agreement Notwithstanding the Issue of Procuring Cause............................ 8

    Point II:
    Commission Amount/Damages is Properly Pled Per the Cooper Square Case (The Lead Case Cited by Defendants) ...................................................... 10

    Point III:
    The Law Can Impute a Reasonable Period of Time Where a Contract Omits the Term........................................................................... 11

    Point IV:
    The Promise of Exclusive Agency Was Not Terminable at Will: A Tortious Interference Claim is Stated Against Defendant Euro Tribeca LLC ......................... 12

Conclusion ................................................................................... 2

*i*

*Page*

## TABLE OF CITED AUTHORITIES

### TABLE OF CASES

*Cooper Sq. Realty, Inc. v. A.R.S. Mgt.*, 181 A.D.2d 551 (1st Dept 1992) .............. 5, 10, 11

*Gronich & Co. v. 649 Broadway Equities Co.*, 169 A.D.2d 600 (1st Dept 1991)............ 13

*Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90 (1993)................................................................ 12

*Morpheus Capital Advisors LLC v. UBS AG*, 23 N.Y.3d 528 (2014) ............................... 4

*Julian J. Studley, Inc. v. Coach, Inc.*, 3 A.D.3d 358 (1st Dept 2004)................................ 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).................................... 2

*Webster's Red Seal Publs. v. Gilberton World-Wide Publs.*,
67 A.D.2d 339 (1st Dept 1979)........................................................................... 11, 13, 14

*Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458 (1982)................................................. 13, 14

### TABLE OF STATUTES

Federal Rules of Civil Procedure 12 (b) (6) ................................................................. 1, 14

New York General Obligations Law § 701 (a) (10) ....................................................... 10

*ii*

A-53

## Introduction

This memorandum in opposition to defendants 12 (b) (6) motion to dismiss the complaint is divided into three sections: 1. Statement in Opposition; 2. Detail of Supporting Law; and 3. Conclusion.

### 1. *Statement in Opposition*

The defendants' 12 (b) (6) motion to dismiss the complaint postulates per the statute that the complaint fails to state a claim upon which relief may be granted.

In other words, defendants proffer that the complaint fails to state causes of action against defendants Firefly Entertainment Inc. and 13 Management LLC for breach of contract, and against defendant Euro Tribeca LLC for tortious interference with contract.

### a. *The Breach of Contract Claim*

The motion to dismiss the contract claim against defendants Firefly Entertainment Inc. and 13 Management LLC present simple questions beginning with whether there is pled a contract express or implied – whether there is pled a breach of contract – whether there is pled definitive measureable damages upon which relief can be granted.

The short answer is there is pled an express contract which has been breached causing measureable and pled damages in the amount of the claim for a real estate

brokerage commission.  The contract arises from the pled written promise of *exclusive agency* made by the buyer's apparent agents sent via email to the plaintiff licensed real estate broker.  The actual words of the email creating the exclusive agency is simply promise of "sole representation" regarding 153 Franklin Street given to a licensed real estate broker and where the email also states it is intended to be shown to the owner of the property.  The email is part of the Complaint incorporated by reference and attached as Exhibit A thus can be considered by the Court in deciding this motion.  (*See Tellabs Inc. v. Makor Issues & Rights Ltd*., 551 U.S. 308, 322 (2007).)

As pled the promise of exclusive agency was breached with damages resulting as measured per the lost real estate brokerage commission.  In short, the defendants do not argue in denial of the email sent or their agency status in behalf of high profile celebrity buyer; nor do they deny the brokerage services given in reliance on the promise.  *See* Complaint paragraphs 7 to 13 and 19 to 22.

The complaint pleads particularly that in reliance on this promise of exclusive agency the plaintiff broker introduced and then showed the property to the defendants; then directly introduced the defendants to the owner of the real property; and that the plaintiff broker commenced preliminary negotiations.  The complaint pleads further that the broker measured the property using a laser device, obtained blue prints and then delivered such to the defendants before being excluded from the transaction.  The transaction closed through another real estate broker within months of the defendants' written promise of exclusive agency.  *See* Complaint paragraphs 8, 11 and 19 to 24.

A-55

Putting aside the proscription that the complaint receives all reasonable inferences, the defendants essentially do not argue in denial the material facts of the claim. *Essentially* no denial of the material facts of the claim in that <u>defendants do argue</u> in their moving papers that the plaintiff fails to allege *negotiations.* The complaint, however, expressly pleads the plaintiff broker engaged in preliminary negotiations with the owner of 153 Franklin Street before being excluded from the transaction. *See* Complaint paragraph 8. Moreover, Complaint paragraph 21 details the date the defendants were personally introduced to the owner by the plaintiff broker. It is a reasonable inference that preliminary negotiations commenced at that point which was prior to the exclusion of the plaintiff broker from the transaction.

*Defendants' Erroneous Statement of Substantive Law*
*Regarding Breach of Contract Claim*

Moreover the defendants offer an erroneous statement of the law at page two of their moving memorandum. *I.e.* where it states a licensed real estate broker is entitled to a real estate brokerage commission <u>only</u> where the broker is the "procuring cause" of the sale. On the contrary, if the efforts of the broker are rendered futile by the principal or principal's agents; or where the broker is prevented from continuing to act as the broker by actions of the principal; in such case, in this case, the plaintiff broker need not show procuring cause to recover the real estate brokerage commission. *See* Detail of Supporting Law Point I below.

A-56

*The Exclusive Agency Contract*

The exclusive agency promised to the plaintiff real estate broker is a "special contract".  In fact, there are two types of exclusive brokerage agreements or special contracts with regard to a real estate broker: one is an *exclusive right to sell* and the other is an *exclusive agency*.  The exclusive *right to sell* is given by a seller requiring the seller to negotiate *only* through the exclusive broker.  An *exclusive agency* on the other hand is given by a seller or buyer – however the parties remain free to negotiate among themselves without a broker.  *See Morpheus Capital Advisors LLC v. UBS AG*, 23 N.Y.3d 528, 534 (2014): the promise made in this case is an *exclusive agency*.

The Complaint at paragraphs 11 and 25 apropos pleads that another real estate broker (another agency) closed the transaction and received the real estate brokerage commission to the exclusion of the plaintiff broker in breach of the promise of *exclusive agency*.  *See also* Detail of Supporting Law Point I, below.

Moreover, defendants do not argue – nor did they at any time – give notice to plaintiff of termination of the promise of exclusive agency.  *I.e.* the other real estate broker acted on the transaction during the reasonable period of plaintiff's exclusive agency at no time terminated by defendants.  Negotiations were completed by the other broker with title to 153 Franklin Street transferred to the high profile celebrity buyer through defendant Euro Tribeca LLC within nine months of the date of the exclusive agency email.  That is, within the reasonable period of the exclusive agency during which the plaintiff would have continued to perform as broker.  And notwithstanding the

brokerage services rendered to defendants before plaintiff was excluded from the transaction.  *See* Complaint paragraphs 7, 8 and 11; also *see* Complaint paragraphs 19 to 24.

The defendants do argue, however, that whereas the amount of the brokerage commission is not stated in the email the exclusive agency is therefore unenforceable citing *Cooper Sq. Realty, Inc. v. A.R.S. Mgt.*, 181 A.D.2d 551 (1st Dept. 1992).

The *Cooper Square* case is inapposite: the brokerage agreement there stated the commission amount "was to be determined".  *I.e.* damages could not be objectively measured by the court.  The court in *Cooper Square* not only held damages must be pled definitively but also held that such damages can be measured via *custom and usage* proof.  While this was not done by the plaintiff in *Cooper Square*, here, the Complaint alleges definitive damages of $1,080,000 measured as six percent of the purchase price – such percentage further pled as the customary real estate brokerage commission paid on sale of like high end real property in the subject location.  *See* Complaint paragraphs 13 and 14.  *See also* Detail of Supporting Law Point II below.

In the alternative, damages are pled as that amount as will be shown to be the actual real estate brokerage commission paid to the other real estate broker.  That is, definitive damages measured per the evidence also to be adduced.  *See* Complaint paragraphs 15.

Defendants further argue that absence of a specific time limit in their email, despite lack of notice of termination, renders the exclusive agency unenforceable as a matter of law. *Contra* is the *familiar principle of law* that where no time limit is fixed in a contract the law may imply a reasonable one. *See* Detail of Supporting Law Point III, below.

It is respectfully submitted that the claim for breach of the promise of exclusive agency has been stated in the Complaint per the facts and reasonable inferences against defendants Firefly Entertainment Inc. and 13 Management LLC upon which definitive monetary relief apropos the real estate brokerage commission denied the plaintiff broker is pled as damages.

b. *Tortious Interference Claim*

Regarding the claim against the defendant Euro Tribeca LLC for tortious interference the defendants correctly point out the elements of the claim: (1) the existence of a valid contract; (2) defendants' knowledge of the contract; (3) defendants' inducing breach; (4) damages.

In moving to dismiss the tortious interference claim, the defendant Euro Tribeca LLC makes two arguments. *First* defendant argues there is no contract – hence no tortious interference with contract. *Second*, defendant proffers that even if there is a contract the contract is *terminable at will*. *I.e.* making the legal argument viz. a contract

A-59

terminable at will is not a proper basis for a tortious interference claim based on the case law.

With regard to the first argument and first element of a tortious interference claim, *existence of a valid contract*: as outlined above, a contract or promise has been pled as breached with measurable damages also pled arising from the breach.

Regarding the defendant's second argument viz. a contract *terminable at will* as not basis for tortious interference: the facts of *detrimental reliance* (Complaint paragraphs 19 through 22) caused the exclusive agency to be no longer *terminable at will: i.e.* once brokerage services were rendered to the defendants in reliance on the promise of exclusive agency defendants were no longer free to terminate the exclusive agency at will.  In short, the principle of law that a contract terminable at will not serve as basis for tortious interference only applies *so long as* the contract remains *terminable at will.  See* Detail of Supporting Law Point IV below.

Finally, regarding the elements of the tortious interference claim 2 through 4, beginning with *damage*s – the damages are stated and measureable viz. the denied real estate brokerage commission.  This leaves elements (2) and (3): defendants' knowledge and inducement of the breach.  As to knowledge, the deceptively named defendant *Euro Tribeca LLC* was purposed to facilitate breach therefore the element of knowledge is a given. Whereas the defendant corporation was instrumentality of the breach, the element

of inducement is also necessarily present.  *See* Complaint paragraphs 35 and 36; also *see*

below Detail of Supporting Law Point IV below.


### 2.  Detail of Supporting Law

*Point I:*

*Defendants Firefly Entertainment Inc. and 13Management LLC*
*Are Liable for a Real Estate Brokerage Commission to Plaintiff*
*For Breach of the Exclusive Agency Agreement*
*Notwithstanding the Issue of Procuring Cause*

Notwithstanding the primary argument in the defendants' memorandum,

*procuring cause* is a non-issue and not a legal requisite for the claim by the plaintiff as

follows:


The plaintiff broker in this case was given an exclusive agency by defendants to

solely represent the high profile celebrity buyer who was their principal with respect to

purchase of 153 Franklin Street.  *See* Complaint paragraph 7 and 18.  The exclusive

agency email was reasonably intended on its face to employ the plaintiff broker as "sole

representative" concerning a prospective purchase of 153 Franklin Street.  As the

Complaint further alleges notwithstanding the plaintiff broker was excluded from the

transaction in favor of another real estate broker who closed and was paid a real estate

brokerage commission.  *See* Complaint at paragraphs 11 and 25.  Even assuming

arguendo the broker who closed the transaction acted in behalf of the seller, the buyer

was still bound to employ plaintiff broker as its representative – instead, plaintiff was

excluded.  The exclusion of the plaintiff broker in breach of the written promise of

exclusive agency is the basis for defendants' liability: *i.e.* procuring cause is a non-issue

viz. the claim against defendants.

Conversely consider the case, *Julian J. Studley, Inc. v. Coach, Inc*., 3 A.D.3d 358,

359 (1st Dept 2004): there the court held a claim for a brokerage commission sufficiently

pled where a complaint alleges that the efforts of the broker were *rendered futile by fault

of the principal*; or *where the broker is prevented from continuing to act as the broker* –

as in this case.

Moreover, here defendants at no time terminated the exclusive agency: reasonable

interference supports the Complaint's allegation of preliminary negotiations at

introduction of the defendants to the owner of the property before being excluded from

the transaction.  *See* Complaint paragraphs 8, 18 and 21 to 24.  That is, plaintiff rendered

performance during the exclusive agency and then was excluded.

In sum, the claim against defendants Firefly Entertainment Inc. and 13

Management LLC for breach of the promise of exclusive agency has been pled upon the

facts and reasonable inference – there is no issue regarding procuring cause.

*Point II:*

*Commission Amount/Damages is Properly Pled*
*Per the Cooper Square Case*
*(The Lead Case Cited by Defendants)*

More particularly regarding *Cooper Sq. Realty Inc. v. A.R.S. Mgt.*, 181 A.D.2d

551 (1st Dept. 1992), the lead case cited by defendants referenced above: the brokerage

agreement in *Cooper Square* provided that defendants would pay the plaintiff broker a

commission on any commercial lease or sale – the commission amount was stated as to

be *separately determined*.  Defendant in *Cooper Square* moved to dismiss the complaint

which was granted.  The court in *Cooper Square* held the brokerage agreement

unenforceable because there was no commission amount stated in the complaint and no

custom and usage formula pled to calculate one.  As aforesaid, in this case the definitive

amount of $1,080,000 is pled as measured by six percent of the purchase price also

specifically pled per custom and usage in the industry.  *See* Complaint paragraphs 13 and

14.

There is also the possible implied argument that whereas defendants' email does

not contain a commission amount therefore the writing is unenforceable per the Statute of

Frauds.  To the contrary in New York is General Obligations Law Section 701 (a) (10): a

real estate broker needs no writing concerning compensation on sale or lease of real

property.

A-63

Therefore pleading a definitive commission amount measured by custom and usage as per the *Cooper Square* case is the proper basis of claim for a real estate brokerage commission under New York law.


*Point III:*

*The Law Can Impute a Reasonable Period of Time*
*Where a Contract Omits the Term*

Aside from the fact defendants omitted a time period in their email promise of exclusive agency and notwithstanding defendants never terminated the exclusive agency: still defendants argue their own omissions make their promise unenforceable.  However, the applicable principle of law in the circumstances here is that stated in the Appellate Division, First Department case *Webster's Red Seal Publs. v. Gilberton World-Wide Publs.*, 67 A.D.2d 339, 343 (1st Dept 1979): it is said to be "a familiar principle of law" that where no time period is fixed in a contract the law may imply a reasonable time.


In this case, the plaintiff broker almost immediately began performing pursuant to the promise of exclusive agency.  *See* Complaint paragraphs 19 through 22.  The plaintiff was then excluded from the transaction which closed within nine months of the promise of exclusive agency.  *See* Complaint paragraphs 7 and 11.  In other words, it would be unreasonable, *contrary to familiar principle of law*, to permit defendants to avoid their express written promise of exclusive agency otherwise in accord with the case law by virtue of defendants' own omissions to limit or terminate the exclusive agency at the outset which was within their control.

*Point IV:*

*The Promise of Exclusive Agency*
*Was Not Terminable at Will:*
*A Tortious Interference Claim is Stated*
*Against Defendant Euro Tribeca LLC*

As defendants cite there are four elements of a of a tortious interference with contract claim: (1) existence of a valid contract; (2) knowledge of the contract; (3) defendant inducing breach; and (4) damages: *see Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90 (1993).

In this case as detailed in the *Statement* above, a contract or enforceable promise of exclusive agency exists, which was known by all the defendants, and where the defendant Euro Tribeca LLC was the instrumentality of the breach, causing damages to the plaintiff real estate broker. *See* Complaint paragraphs 35 and 36.

There remains the argument by defendant Euro Tribeca LLC that the exclusive agency was nonetheless *terminable at will* and therefore cannot serve as basis for a claim for tortious interference with contract.

On the contrary, as above mentioned, the exclusive agency was not *terminable at will*. *I.e.* detrimental reliance in the form of substantive brokerage services rendered by the plaintiff to defendants ended the terminable at will right of defendants.

More particularly, *see Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458 (1982) which involved an employment terminable at will where the New York Court of Appeals stated with approval the principle of law recited in <u>Corbin on Contracts</u>:

> "Apt too in the circumstances before us now is the following
> comment by Corbin: "[I]f the employer made a promise, either
> express or implied, not only to pay for the service but also that the
> employment should continue for a period of time that is either
> definite or capable of being determined, that employment is not
> terminable by him 'at will' after the employee has begun or rendered
> some of the requested service or has given any other consideration..."

*See* 57 N.Y.2d at 465.

Comparing the elements cited in *Weiner v. McGraw-Hill* to the case here: the promise to pay a real estate broker for services per an exclusive agency is implied. *E.g. see Gronich & Co. v. 649 Broadway Equities Co.*, 169 A.D.2d 600 (1st Dept. 1991). It is also not open to legitimate dispute that the promise of exclusive agency continued for a reasonable period of time and was capable of being limited by defendants themselves. Nor can it be denied that substantive brokerage services and/or consideration were rendered to defendants by plaintiff in reliance on the promise of exclusive agency shortly after receiving the written promise. (Complaint paragraphs 19 to 22.)

In sum, the exclusive agency may have been terminable at will at the outset – but this was only true until substantial brokerage services and/or consideration was rendered in reliance on the promise of exclusive agency per *Weiner v. McGraw-Hill*.

The facts pled and the reasonable inferences support the claim of tortious interference with contract pled against the defendant Euro Tribeca LLC upon which measureable relief can be granted.

### 3.  Conclusion

The Complaint in this case states claims for which relief may be granted for breach of contract against defendants Firefly Entertainment Inc. and 13 Management LLC, and against defendant Euro Tribeca LLC for tortious interference with contract: the motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (b) (6) should be denied.

Dated: New York, New York          Yours, etc.
      March 26, 2018

 

COLE HANSEN CHESTER LLP
Attorneys for Plaintiff Douglas
    Elliman, LLC
By:  Michael S. Cole Esq.
767 Third Avenue –24th Floor
New York, New York 10017
Tel:  (212) 599-1535

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOUGLAS ELLIMAN LLC,

                            Plaintiff,

-against-

FIREFLY ENTERTAINMENT INC.,
13 MANAGEMENT LLC, and
EURO TRIBECA LLC,

                            Defendants.

---

Case No. 1:18-cv-01381-JMF

Hon. Jesse M. Furman

Oral Argument Requested

 

# REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

VENABLE LLP

J. Douglas Baldridge
 600 Massachusetts Avenue,
 Washington, DC 20001
 JBaldridge@Venable.com
 Tel: 202.344.4703

John C. Vazquez
 1270 Avenue of the Americas,
 New York, NY 10012
 JVazquez@Venable.com
 Tel: 212.370.6293

*Attorneys for Defendants Firefly
Entertainment Inc., 13 Management
LLC, and Euro Tribeca LLC*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT .................................................................................................... 3

I.      Douglas Elliman Has Not Pled the Existence of a
        Special Contract ................................................................................... 3

II.     Douglas Elliman Cannot Rely on Industry Custom
        and Practice to Imply a Special Agreement ........................................... 5

III.    Douglas Elliman Fails to State a Claim for
        Tortious Interference with Contract ...................................................... 6

CONCLUSION ................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bennett v. Atomic Prod. Corp.*,
   132 A.D.3d 928 (1st Dep't 2015) ..................................................................6

*Bracha NY, LLC v. Moncler USA Retail LLC*,
   2017 N.Y. Slip Op. 30996(U), 2017 WL 1955275 (Sup. Ct. N.Y. Cnty
   2017) ..............................................................................................................4

*Cooper Square Realty, Inc. v. A.R.S. Management, Ltd.*,
   181 A.D.2d 551 (1st Dep't 1992) ...............................................................3, 4

*Discover Grp., Inc. v. Lexmark Ina, Inc.*,
   333 F. Supp. 2d 78 (E.D.N.Y. 2004) .............................................................7

*Douglas Elliman v. Corcoran*,
   93 A.D.3d at 540 (1st Dep't 2012) ................................................................6

*Futterman Org., Inc. v. Bridgemarket Assocs. L.P.*,
   278 A.D.2d 105 (1st Dep't 2000) ...................................................................5

*Gronich & Co. v. 649 Broadway Equities Co.*,
   169 A.D.2d 600 (1st Dep't 1991) ...................................................................6

*Hirschfeld Props. v. Juliano*,
   3 A.D.3d 399 (1st Dep't 2004) ...................................................................3, 4

*Indus. & Commercial Realty Assocs. Co. v. Great Atl. & Pac. Tea Co.*,
   68 A.D.2d 853 (1st Dep't 1979) ..................................................................4, 5

*Kronos, Inc. v. AVX Corp.*,
   612 N.E.2d 289 (N.Y. 1993)...........................................................................6

*Parkway Group Ltd. v. Modell's Sporting Goods*,
   254 A.D.2d 338 (2d Dep't 1998).............................................................3, 4, 5

*Webster's Red Seal Publishing v. Gilbertson World-Wide Publishing*,
   67 A.D.2d 339 (1st Dep't 1979) .....................................................................6

*Weiner v. McGraw-Hill, Inc.*,
   57 N.Y.2d 458 (1982) .....................................................................................7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................1

Defendants Firefly Entertainment Inc., 13 Management LLC, and Euro Tribeca LLC ("Defendants") respectfully submit this reply in further support of their motion to dismiss the Complaint filed by Douglas Elliman LLC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

As Defendants set forth in their Memorandum of Law in support of their motion to dismiss, Douglas Elliman's claims for breach of contract and tortious interference with contract both fail as a matter of law, and should be dismissed. Elliman's memorandum in opposition to this motion (Docket No. 16, the "Opposition" or "Opp.") only serves to further illustrate the defects in Elliman's Complaint.

Douglas Elliman's claim, in sum, is that its agent Andrew Azoulay showed Defendants Firefly Entertainment Inc. and 13 Management LLC (collectively "Firefly Entertainment") a property located on Franklin Street in Manhattan, provided some basic information about the property, and made an introduction to the property owner—all of which occurred over the course of about one single week.[1] (Compl. ¶¶ 19-22). Nearly nine months passed, during which time Azoulay had no contact with the Firefly Entertainment or the seller, and Defendant Euro Tribeca LLC allegedly purchased the Franklin Street property for $18 million. (Compl. ¶¶ 23, 24, 31). Despite admittedly having nothing all to do with closing this sale, Elliman claims it is entitled to receive $1.08 million, on the theory that Firefly Entertainment made a "written promise of sole representation regarding the purchase of 153 Franklin Street" that was breached when Euro Tribeca LLC purchased the Franklin Street property. (Compl. ¶¶ 27, 32).

In their moving brief, Defendants demonstrated that there are only two avenues of recovery available to a real estate broker under New York law: the broker may recover if it was the "procuring cause" of the transaction in question; or if it can demonstrate the

---

[1] All alleged facts recited herein are taken from the Complaint ("Compl."), and presumed true only for the purposes of this motion.

existence, and breach, of a "special agreement" by which the parties explicitly contracted around the "procuring cause" rule, and agreed that the broker would be compensated on some other basis. (*See* Motion to Dismiss, Dckt. No. 13, pp. 6-8).

In its Opposition Elliman concedes that it was not the "procuring cause," and that "procuring cause is a non-issue . . . ." (Opp. p. 8). Rather, the sole and only basis for Elliman's breach of contract claim is an alleged "written promise of sole representation" from Firefly Entertainment, as Elliman claims that this "exclusive agency promised to the plaintiff real estate broker is a 'special contract.'" (Opp. pp. 4, 9). But a contract requires agreement between the parties as to all material terms, and there are no allegations of the amount or basis that Firefly Entertainment agreed to pay Elliman—or even any allegation of an agreement by Firefly Entertainment to pay Elliman at all. Likewise there are no allegations whatsoever as to what services Elliman was supposed to perform to earn that compensation, nor any terms of duration that would specify how long the alleged period of exclusivity was to last. Each of these is a material term, the absence of which is fatal to Elliman's breach of contract claim.

Elliman attempts to bolster its deficient pleading by arguing that all of these absent terms can be imputed by the court with reference to industry custom. This is not so. The industry custom—and the century old principle of law—is that a broker is not entitled to any fee whatsoever unless it is the "procuring cause" of the transaction. Having conceded that it was not the procuring cause of the transaction at issue, Elliman cannot rely on industry custom to imply a contract. The very purpose of the "special contract" doctrine is to avoid exactly such hijinks, and to prevent unscrupulous brokers from implying contracts from nonspecific communications so as to skirt the procuring cause rule.

Elliman's cause of action for tortious interference, pled against Defendant Euro Tribeca LLC, fails for the same reasons. It is contingent upon the existence of a valid special contract between Elliman and Firefly Entertainment; and because there was no

2

such contract, there can be no tortious interference. Accordingly, Elliman's complaint should be dismissed in its entirety.

## ARGUMENT

### I.    Douglas Elliman Has Not Pled the Existence of a Special Agreement

In *Greene v. Hellman*, the New York Court of Appeals held that

> It has long been recognized that a broker, save when he enjoys the benefit of a special agreement to the contrary, does not automatically and without more make out a case for commissions simply because he initially called the property to the attention of the ultimate purchaser. If that were enough, given the enterprise which our competitive society prizes in its brokers and its salesmen, a veritable morass of claims to proprietary rights in their prospects would result.

412 N.E.2d 1301, 1307 (N.Y. 1980) (citations omitted). Elliman's claim here is precisely the sort of mischief-making that the Court of Appeals in *Greene* sought to prevent. Admitting that it was not the procuring cause of the real estate transaction at issue, and therefore would generally be barred from seeking any commission, Elliman attempts to salvage its pleading by arguing it enjoyed a "special agreement" with Firefly Entertainment. (See Opp. p.4). This argument is unavailing.

The single email attached to the Complaint contains none of the material terms required to satisfy the requirement of a "special agreement." And in their moving brief, Defendants cited extensive authority demonstrating that courts routinely dismiss complaints containing far more detailed allegations than are set forth by Elliman. *See e.g., Hirschfeld Props. v. Juliano*, 3 A.D.3d 399, 399 (1st Dep't 2004) (dismissing claim where the parties' writing did "not contemplate payment of plaintiff's commission by defendants, and thus is not a valid real estate brokerage agreement"); *Cooper Square Realty, Inc. v. A.R.S. Management, Ltd*., 181 A.D.2d 551, 551 (1st Dep't 1992) (dismissing alleged exclusive agency agreement that contained "no objective method or formula . . . for determining a commission"); *Parkway Group Ltd. v. Modell's Sporting*

3

*Goods*, 254 A.D.2d 338 (2d Dep't 1998) (dismissing claims where alleged exclusive agency agreement "lacked an essential term as to the amount of the commission"); *Indus. & Commercial Realty Assocs. Co. v. Great Atl. & Pac. Tea Co.*, 68 A.D.2d 853, 853 (1st Dep't 1979) (real estate broker did not state a claim where the complaint did not "allege an express, special contract," but merely an "implied promise"); *Bracha NY, LLC v. Moncler USA Retail LLC*, 2017 N.Y. Slip Op. 30996(U), 2017 WL 1955275 at *7 (Sup. Ct. N.Y. Cnty 2017) (no commission owed where the brokerage agreement contained "no financial terms whatsoever").

Elliman's response to this authority is simply to ignore it. *Cooper Square Realty* is the only one of these cases Elliman makes any attempt to distinguish, and that attempt misses the mark: Elliman argues that "the court in *Cooper Square* not only held damages must be pled definitively but also held that such damages can be measured via custom and usage proof" (Opp. p. 5), but this misrepresents the holding in *Cooper Square*. The New York Appellate Division in *Cooper Square* affirmed the dismissal on the pleadings of a complaint alleging an exclusive brokerage agreement because, just as here, the alleged agreement contained "no objective method or formula . . . for determining a commission." 181 A.D.2d at 551. Rather than supporting Elliman's argument that a court can impute a compensation term to an exclusive brokerage agreement, the decision in *Cooper Square* undermines it; for the court found that in the context of an alleged exclusive sales agreement where no fee was stated, the plaintiff cannot rely on custom and usage evidence because there is no "fixed and invariable" industry standard for exclusive sales agreements. *See* 181 A.D.2d at, 551. The same is true here.

Tellingly, Elliman has not cited a single case in which a court actually imputed a compensation term to a "special agreement" of exclusive agency, while *Cooper Square*, *Parkway Group*, *Hirschfield Properties*, *Bracha* and other cases cited in Defendants' moving brief demonstrate that courts routinely refuse to do so.

4

II.     **Douglas Elliman Cannot Rely on Industry Custom
         and Practice to Imply a Special Agreement**

Elliman's Opposition tacitly acknowledges that there was never any express agreement between the parties that Elliman would be paid at all, much less any agreement as to the amount that it would be paid. And, it acknowledges that there was never any agreement as to the term or duration of the alleged contract. As explained immediately above, and in more detail in Defendants' moving brief, the absence of these material terms is fatal to Elliman's claim of a "special agreement." *See Indus. & Commercial Realty Assocs. Co.*, 68 A.D.2d at 853 (to recover, a "plaintiff-broker must establish an express 'special contract' . . . and the terms thereof."); *Parkway Group Ltd.,* 254 A.D.2d at 338 (the amount of compensation is an "essential term" of a special agreement).

Elliman argues that all of these absent terms can be imputed, either through operation of law or by reference to industry custom and practice. This contention is meritless. Elliman does not cite a single case in which a court imputed or supplied a term not explicitly present so as to satisfy the requirement of a "special agreement," and there is a very obvious explanation for this absence of authority: as the New York Court of Appeals explained in *Greene*, the industry custom and practice is that a real estate broker is entitled to nothing unless and until it is the procuring cause of a transaction. *See Greene,* 412 N.E.2d at 1307. This is why a "special agreement" is special—it is an explicit agreement to depart from the standard industry custom and the well-settled law, and to do business on some other, atypical terms. Such an agreement cannot be implied, but must be express and explicit in all its material terms in order to be enforceable. *See, e.g.*, *Futterman Org., Inc. v. Bridgemarket Assocs. L.P.,* 278 A.D.2d 105, 106 (1st Dep't 2000) (granting summary judgment and noting that recovery on a "special agreement" theory requires an express, not implied, contract); *Indus. & Commercial Realty Assocs. Co.*, 68 A.D.2d at 853.

The cases that Elliman cites to argue that this Court may imply a contract all involve allegations and claims that are totally irrelevant to the pleading of a "special agreement" by a broker. *Webster's Red Seal Publishing v. Gilbertson World-Wide Publishing*, 67 A.D.2d 339 (1st Dep't 1979), which Elliman cites to argue that "where no time period is fixed in a contract the law may imply a reasonable time" (Opp. p. 11), concerns a dispute over the cover price to be displayed on crossword puzzle books. And while *Gronich & Co. v. 649 Broadway Equities Co.*, 169 A.D.2d 600 (1st Dep't 1991) at least concerns a claim by real estate broker, the broker in that case was, unlike Elliman here, the procuring cause of the transaction. *Id.* at 601. The *Gronich* court found that an implied contract existed because the broker "brought [lessor] and [lessee] together, was active in negotiating essential lease terms, and was in essence, a catalyst for the resulting lease." *Id.* at 601. This holding in no way supports Elliman's argument that this Court may impute a contract here, where Elliman admits that it did not procure the transaction at issue.

### III.   Douglas Elliman Fails to State a Claim for Tortious Interference with Contract

In support of their motion to dismiss, Defendants demonstrated that Elliman's claim for tortious interference fails along with its breach of contract claim, because one required element of such a claim is the existence of a valid contract between the plaintiff and a third party. *See Kronos, Inc. v. AVX Corp.,* 612 N.E.2d 289, 292 (N.Y. 1993); *Douglas Elliman v. Corcoran*, 93 A.D.3d at 540 (1st Dep't 2012) (no cause of action for tortious interference where plaintiff broker was not the procuring cause of the ultimate purchase). But even if the single email attached to Elliman's complaint could be construed as a contract, there is no allegation that the parties ever agreed to a term of duration for that contract, and as held in *Conrad v. Golden*, an exclusive real estate agency agreement—like any other agreement without a term of expiration—is terminable at will. *Conrad*, 275 A.D. 946, 946 (2d Dep't 1949); *see also Bennett v. Atomic Prod.*

*Corp.*, 132 A.D.3d 928, 929 (1st Dep't 2015) ("contracts containing no definite term of duration are terminable at will."). And "a contract terminable at will cannot be the basis for a tortious interference with contract claim." *Discover Grp., Inc. v. Lexmark Ina, Inc.*, 333 F. Supp. 2d 78, 83-84 (E.D.N.Y. 2004) (internal quotations omitted) (dismissing claim for tortious interference with exclusive sales agency agreement).

Douglas Elliman's Opposition makes no effort to distinguish these cases. Instead, Elliman sites *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458 (1982), which in turn quotes Corbin on Contracts to hold that where an employment contract is made "for a fixed period of time that is either definite or capable of being determined," that employment relationship is no longer at-will and the employee may not be dismissed without cause. *Id.* at 465. *Weiner* has no relevance whatsoever to the case before this Court, because Elliman's Complaint contains no allegations that the supposed exclusive agency contract contained definite or determinable term of duration. Indeed, Douglas Elliman does not argue otherwise, but instead simply urges this Court to find that the alleged contract should be deemed to have existed for "a reasonable period of time." There is no basis for this Court to do so. Therefore, under the principles of law set forth in *Bennet*, *Conrad*, and *Discover Group*, Elliman's claim for tortious interference is defective and should be dismissed.

## CONCLUSION

For more than 100 years, it has been the law of New York that a real estate broker is owed nothing unless they are the procuring cause of a transaction—and Douglas Elliman readily admits that it was not the procuring cause of the purchase here at issue. In order to circumvent this well-established, longstanding principle—which is both the industry standard and a requirement of the law—New York courts require brokers to meet a stringent standard, by demonstrating the express existence of a "special agreement" between the broker and client to depart from the default rule. Douglas Elliman cannot do

so, and it knows it. So instead, Elliman engages in a sleight of hand, asking the Court to look to case law where a broker *was* the procuring cause of a transaction, and to rely upon those cases to impute the existence of a contract here, while ignoring the fact that Elliman *was not* the procuring cause of the transaction for which it seeks a million dollar commission. There is no basis for the Court to do so, and therefore Douglas Elliman's Complaint should be dismissed in its entirety.

Dated:  April 3, 2018            Respectfully submitted,
      New York, NY

                                 /s/ J. Douglas Baldridge

                            VENABLE LLP

                            J. Douglas Baldridge
                              600 Massachusetts Avenue
                              Washington, DC 20001
                              JBaldridge@Venable.com
                              Tel: 202.344.4703

                            John C. Vazquez
                              1270 Avenue of the Americas,
                              24th Floor
                              New York, NY 10012
                              JVazquez@Venable.com
                              Tel: 212-370-6293

                            *Attorneys for Defendants Firefly Entertainment Inc., 13 Management LLC, and Euro Tribeca LLC*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                     :

DOUGLAS ELLIMAN, LLC,               :
                                     :

                Plaintiff,     :

                                     :          18-CV-1381 (JMF)

       -v-              :

                                     :       MEMORANDUM OPINION

FIREFLY ENTERTAINMENT, INC., et al.,  :        AND ORDER
                                     :

               Defendants.   :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Douglas Elliman LLC, a real estate brokerage company, brings claims against

Defendants Firefly Entertainment Inc. ("Firefly"), 13 Management LLC, and Euro Tribeca LLC

relating to the purchase of a townhouse in Manhattan. As alleged in the Complaint, Firefly and

13 Management LLC, acting on behalf of a celebrity client (the "Celebrity"), contacted a

Douglas Elliman agent in December 2016 for assistance in purchasing a particular townhouse in

Tribeca. *See* Docket No. 5-1 ("Compl."), ¶ 16. The agent introduced the two companies to a

different townhouse in Tribeca — located at 153 Franklin Street — and, over the next month or

two, took various steps to facilitate a sale of that property. *See id.* ¶¶ 17, 23. In particular, he

"made a detailed showing" of the property; measured the building with a laser device; introduced

Defendants to the house's owner; and "obtained the blue prints" for the house, which he then

gave them to Defendants. *See id.* ¶¶ 19-22. After February 2017, however, he "received no

further substantive contact from defendants." *Id.* ¶ 23. Eight months later, in October 2017,

Defendant Euro Tribeca LLC, acting on behalf of the Celebrity, bought the townhouse for $18

million, using — and paying a commission to — a different real estate broker. *See id.* ¶¶ 13, 24,

25.  Thereafter, Douglas Elliman brought this suit, alleging a claim for breach of contract against

Firefly and 13 Management LLC and a claim for tortious interference with contract against Euro

Tribeca LLC and seeking six percent of the purchase price, or $1.08 million, in damages.  *See id.*

¶¶ 14, 15.  Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, to dismiss the Complaint.  *See* Docket No. 12.

Critically, Douglas Elliman's two sets of claims — brought under New York law —

depend on the existence of a valid contract with Firefly and 13 Management LLC.  *See, e.g.*,

*Johnson v. Nextel Commc' ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011) (breach of contract); *Foster*

*v. Churchill*, 665 N.E.2d 153, 156 (N. Y. 1996) (tortious interference with contract).[1]  Under

New York contract law, "few principles are better settled . . . than the requirement of

definiteness," which states that "if an agreement is not reasonably certain in its material terms,

there can be no legally enforceable contract."  *Arbitron, Inc. v. Tralyn Broad., Inc.*, 400 F.3d

130, 136 (2d Cir. 2005) (internal quotation marks and alteration omitted); *see also, e.g.*,

*Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007) ("[A]

mere agreement to agree, in which a material term is left for future negotiations, is

unenforceable.").  In the case of compensation, a term qualifies as insufficiently definite "where

---

[1]      Douglas Elliman does not allege any quasi-contract claims in its Complaint and appears
to disavow any such claims in its opposition to Defendants' motion.  *See* Docket No. 16 ("Pl.'s
Mem."), at 8.  In any event, any quasi-contract claim would fail because it would require proof
that Douglas Elliman was "the procuring cause of the sale."  *Parker Realty Grp., Inc. v. Petigny*,
929 N.E.3d 864, 866 (N.Y. 2010); *accord Hirschfeld Props., Inc. v. Juliano*, 3 A.D.3d 399, 399
(1st Dep't 2004).  A broker "does not automatically and without more make out a case for
commissions simply because he initially called the property to the attention of the ultimate
purchaser."  *Greene v. Hellman*, 412 N.E.2d 1301, 1307 (N.Y. 1980).  Instead, to establish a
right to a commission, "there must be a direct and proximate link, as distinguished from one that
is indirect and remote, between the bare introduction and the consummation."  *Id.* at 206; *see
also Parker Realty*, 929 N.E.3d at 866.  Douglas Elliman concedes that it had no contact with
Defendants after February 2017; accordingly, it plainly was not the "procuring cause of the sale."

'the amount can[not] be determined objectively without the need for new expressions by the parties.'" *Stone Key Partners LLC v. Monster Worldwide, Inc.*, 333 F. Supp. 3d 316, 334 (S.D.N.Y. 2018) (quoting *Cobble Hill Nursing Home v. Henry & Warren Corp.*, 548 N.E.2d 203, 207 (N.Y. 1989)).  Compensation may be calculated "with reference to industry standards or customs," but in that case "the plaintiff must establish that the omitted term is fixed and invariable in the industry in question."  *Id.* (internal quotation marks omitted).

Applying those standards here, Douglas Elliman's claims fail for want of an enforceable contract.  Notably, although 153 Franklin Street sold for $18 million, the transaction involved a celebrity client, and Douglas Elliman claims entitlement to a seven-figure commission, it cannot point to any formal agreement with Defendants.  Instead, Douglas Elliman's sole alleged contract with Firefly and 13 Management LLC was an informal email from an employee of Defendants to the agent, which stated in full:

> This email is intended for your use with the owner of 153 Franklin.  This is to confirm that we Firefly Entertainment/13 Management are working with you solely regarding the viewing and any other needs at 153 Franklin.  There will not be any other lines of communication outside of myself.  Thank you and please let me know if you need anything further.

Compl. Ex. A; *see* Compl. ¶ 7 ("The promise is contained within the four corners of the email.");
Pl.'s Mem. 2 ("The contract arises from the pled written promise . . . sent via email.").  But those words do not come close to establishing that Firefly and 13 Management LLC agreed to use Douglas Elliman as an exclusive agent for the purchase of 153 Franklin Street, let alone that they agreed to pay the company a seven-figure commission in the event that they purchased the property without regard for whether the company's agent provided any assistance in the transaction.  The email says nothing about the purchase of 153 Franklin Street; indeed, the only task that it mentions with specificity is a "viewing" of the property and, even as to that task, the email is no more than "a promise to 'work together.'"  *Vacold LLC v. Cerami*, 545 F.3d 114, 125

3

(2d Cir. 2008); *cf. Morpheus Capital Advisors LLC v. UBS AG*, 15 N.E.3d 1187, 1192 (N.Y. 2014) ("[A] contract giving rise to an exclusive right of sale must clearly and expressly provide that a commission is due upon sale by the owner or exclude the owner from independently negotiating a sale." (internal quotation marks and alterations omitted)).  And the email is far from the sort of "formal writing" one would expect in connection with an $18 million transaction.  *See Brown v. Cara*, 420 F.3d 148, 155-56 (2d Cir. 2005).

      In any event, to the extent that the email could reasonably be construed as an agreement with respect to the purchase of 153 Franklin Street, it is nothing more than an unenforceable agreement to agree.  The email lacks most, if not all, of the material terms of a real estate brokerage agreement, including the scope and duration of the relationship and the fee.  *See, e.g.*, *Hirschfeld Props.*, 3 A.D.3d at 399 (affirming dismissal of an action to enforce a real estate brokerage agreement on the ground that "[t]he writing between the parties on which plaintiff relies" was "not a valid real estate brokerage agreement" because it did not include a payment term); *Parkway Grp., Ltd. v. Modell's Sporting Goods*, 254 A.D.2d 338, 339 (2d Dep't 1998) ("Even if the agreement had created an exclusive agency, the broker would not be entitled to a commission because the agreement . . . lacked an essential term as to the amount of the commission and constituted an unenforceable agreement to agree.").  Most significantly, the email "contains no methodology, formula, or external measure by which the Court might objectively determine the compensation to be paid."  *GEM Advisors, Inc. v. Corporación Sidenor, S.A.*, 667 F. Supp. 2d 308, 326 (S.D.N.Y. 2009).  Douglas Elliman does allege that a six percent commission is the "customary real estate brokerage commission paid on sale of like high end real property in the subject location."  Compl. ¶ 14.  But far from helping Douglas Elliman, that allegation is fatal to its claim that the email constitutes an enforceable contract, as it is a tacit

4

admission that there is no "fixed and invariable standard" for calculating commissions; to the contrary, it establishes that the calculation of a commission is dependent on subjective assessments such as neighborhood and whether the property at issue qualifies as "high end" or not. *Stone Key*, 333 F. Supp. 3d at 336 (holding that a contract was unenforceable where, at best, it called for a means of fixing a fee that "entail[ed] a host of subjective choices"); *see also Cooper Square Realty, Inc. v. A.R.S. Mgmt., Ltd.*, 181 A.D.2d 551, 552 (1st Dep't 1992) ("As no objective method or formula was provided for determining a commission, the exclusive sales contract was merely an agreement to agree and was unenforceable.").

The Court has considered all of Douglas Elliman's other arguments against dismissal and finds them to be without merit. Thus, even accepting the facts alleged in the Complaint as true and drawing all reasonable inferences in favor of the non-moving party, *see, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam), the Court concludes that Douglas Elliman's claims fail as a matter of law for want of an enforceable contract, *see, e.g.*, *Vacold*, 545 F.3d at 123 ("Under New York law, whether a binding agreement exists is a legal issue, not a factual one."). Accordingly, Defendants' motion to dismiss is **GRANTED**, and the Complaint is dismissed in its entirety.

Moreover, the Court declines to grant Douglas Elliman leave to amend its Complaint. It declines to do so because Doulas Elliman has not requested such leave, *see, e.g.*, *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 821 F.3d 349, 351-52 (2d Cir. 2016) (per curiam); because any amendment would plainly be futile, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); and because the Court previously gave Douglas Elliman notice of one final "opportunity to amend the Complaint to address issues raised by the motion to dismiss," Docket No. 14, but Douglas Elliman declined to do so.

A-83

The Clerk of Court is directed to terminate Docket No. 12 and to close the case.

SO ORDERED.

Dated: January 24, 2019
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
DOUGLAS ELLIMAN, LLC,
                                    Plaintiff,

                    -against-                                      18 **CIVIL** 1381 (JMF)

                                                                **JUDGMENT**

FIREFLY ENTERTAINMENT, INC., et al.,
                                    Defendants.
-------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons

stated in the Court's Memorandum Opinion and Order dated January 24, 2018, Defendants'

motion to dismiss is granted and the complaint is dismissed in its entirety and the Court declines

to grant Douglas Elliman leave to amend its Complaint; it declines to do so because Douglas

Elliman has not requested such leave, see, e.g., Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital

Corp., 821 F.3d 349, 351-52 (2d Cir. 2016) (per curiam); because any amendment would plainly

be futile, see Cuoco v. Moritsugu, 222 F.3d 112 (2d Cir. 2000); and because the Court previously

gave Douglas Elliman notice of one final "opportunity to amend the Complaint to address issues

raised by the motion to dismiss: Docket No. 14, but Douglas Elliman declined to do so.;

accordingly, the case is closed.

**Dated:**  New York, New York
         January 24, 2019


                                                    **RUBY J. KRAJICK**
                                                    **Clerk of Court**
                                        **BY:**
                                                    **Deputy Clerk**


THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _1/24/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS ELLIMAN LLC,

                              Plaintiff,

          -against-

FIREFLY ENTERTAINMENT INC.,
13 MANAGEMENT LLC and EURO
TRIBECA LLC,

                              Defendants.

**NOTICE OF APPEAL**

Case No. 18-cv-1381 (JMF)

Notice is hereby given that plaintiff Douglas Elliman LLC in the above-named

case appeals to the United States Court of Appeals for the Second Circuit from the

Judgment and Memorandum and Order dated and entered January 24, 2019 which

granted the defendants' motion to dismiss the complaint.  Plaintiff Douglas Elliman LLC

appeals from each and every part of the judgment and memorandum and order dated

January 24, 2019.

Dated: New York, New York
          January 30, 2019

                              Respectfully submitted,

                              COLE HANSEN CHESTER LLP
                              Attorneys for Plaintiff
                              By:  Michael S. Cole, Esq.
                              767 Third Avenue – 24th Floor
                              New York  New York  10017
                              Tel:  (212) 599-1535
                              mscole@chcllp.com