# 19-0279-cv

## United States Court of Appeals
### *for the*
### Second Circuit

DOUGLAS ELLIMAN LLC,

*Plaintiff-Appellant,*

– v. –

FIREFLY ENTERTAINMENT INC., 13 MANAGEMENT LLC, EURO TRIBECA LLC,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

MICHAEL S. COLE
COLE HANSEN CHESTER LLP
*Attorneys for Plaintiff-Appellant*
767 Third Avenue, 24th Floor
New York, New York 10017
(212) 599-1535

*Page*

# TABLE OF CONTENTS

Table of Cited Authorities .................................................................. ii

**STATEMENT IN REPLY** ........................................................... 1

    *Alternative Claim of Promissory Estoppel Properly Plead* ...................... 6

    *Correcting Misapprehension of Material Fact Stated in Appellee's Brief* ............................................................. 9

**CONCLUSION** .............................................................................. 10

**CERTIFICATE OF COMPLIANCE** ......................................... 11

*Page*

# TABLE OF CITED AUTHORITIES

## TABLE OF CASES

*Knight Sec. v Fiduciary Trust Co.*, (1st Dept 2004),
5 A.D.3d 172 .................................................................................. 7

*Lansco Corp. v. NY Brauser Realty Corp.*, (1st Dept 2009),
63 A.D.3d 513, 881 N.Y.S.2d 74 ...................................................... 1, 2, 3, 4, 5

*Lansco Corp. v World Zionist Org. Am. Section*, (1st Dept 1993),
198 A.D.2d 176, 604 N.Y.S.2d 946 ................................................ 3

*Schroeder v. Pinterest Inc.*, (1st Dept 2015),
133 A.D.3d 12 ................................................................................ 6, 7

*Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, (2d Cir. 2005),
401 F.3d 28 .................................................................................... 8

*Tarolli Lbr. Co. v. Andreassi*, (4th Dept 1977),
59 A.D.2d 1011 .............................................................................. 4

*Tierney v. Capricorn Invs.*, (1st Dept 1993)
189 A.D.2d 629 .............................................................................. 7

*Tierney v. Capricorn Invs.*, (NY Ct App 1993),
lv denied, 81 N.Y.2d 710 ............................................................... 7

*Universal Indus. Corp. v. Lindstrom*, (1st Dept 1983),
92 A.D.2d 150 ................................................................................ 5

## STATEMENT IN REPLY

In the defendants-appellees' brief *preliminary statement*, the legal premise opposing appeal is exhorted echoing the district court decision: that under New York Law the absence of a provision in a brokerage agreement regarding *duration, commission amount,* other formal elements make the promise to the broker of exclusive agency unenforceable – fatal to the complaint.

The premise of the appellee's brief and the district court decision is inapposite per controlling New York authority on point viz. the appellate division first department case *Lansco Corp. v. NY Brauser Realty Corp*., (1st Dept 2009), 63 A.D.3d 513, 881 N.Y.S.2d 74.

*Lansco* was a suit for breach of an exclusive agency agreement by a real estate broker against a commercial tenant. On appeal were motion and cross motion for summary judgment: *i.e.* by the tenant seeking summary judgment dismissing the complaint and by the broker seeking summary judgment on breach of contract liability and damages.

1

The totality of the broker's contact with the tenant in *Lansco* comprised a twenty-five-minute tour of the premises, followed by execution of a one-page letter agreement. The one-page letter agreement promised that all negotiations and discussions would be conducted solely through the broker. The tenant subsequently proceeded to negotiate the lease through a second broker.

The defendant tenant moved to dismiss the broker's complaint for breach of contract just as defendants do here. The defendant contending exactly as the defendants do here, that the one-page letter agreement was not enforceable lacking the material terms of duration, commission amount, duties of the parties.

The New York appellate division first department in rebuke of the tenant's claim, granted partial summary judgment to the broker on the issue of breach of contract liability:

> "Defendants Glancy and Manhattan Music contend that
> the letter agreement is not enforceable and the complaint
> against them should be dismissed because, first, the
> agreement does not contain material terms such as
> duration, the duties of the parties, and the manner in

2

which plaintiff's fee was to be computed. However, we have previously recognized an agreement like this to be enforceable *(Lansco Corp. v World Zionist Org. Am. Section*, 198 AD2d 176 [1993] [plaintiff broker's claim for breach of contract to work only through it and to recognize it as the broker is based on defendant's interposition of another broker into the transaction and subsequent representation to landlord in the lease that other broker was only broker with whom it dealt; such interposition frustrated plaintiff's right to payment of commission by landlord, who, relying on defendant's representation, paid commission to other broker]). The amount of contact Glancy had with plaintiff after inspecting the property has no bearing on the enforceability of the letter agreement..."

(63 A.D.3d at 514.)

Moreover, in *Lansco*, the commission amount was not clearly stated in the brokerage agreement: unlike here the complaint was not dismissed, rather

3

remanded to the lower court for a hearing on damages. *See also* Point II of the appellant's brief.

Finally, just as in this case, the party promising the exclusive agency was acting as an agent. The New York appellate division in *Lansco* found direct liability of the agent to the broker, this regardless whether the agent's principal was disclosed or undisclosed:

> "Nor does the capacity in which Glancy signed the letter agreement raise any material issues of fact. The document, on its face, indicates that Glancy signed in his individual capacity, in which event he would be personally liable for its breach. But the result, i.e., Glancy's personal liability, would be the same even if he had signed on behalf of an undisclosed principal, namely, Bowery Presents, a limited liability company of which he was a member at the time (*see Tarolli Lbr. Co. v Andreassi*, 59 AD2d 1011, 1011-1012 [1977]), or the as yet to be formed Manhattan Music (*see id*. at 1012;

4

*Universal Indus. Corp. v Lindstrom*, 92 AD2d 150 [1983])."

(63 A.D.3d at 515.)

*See also* Point V of the broker appellant's brief.

*Lansco* is good and controlling New York authority. Not only does it implicitly show that the issues here on appeal not properly determined pre-answer: *Lansco* shows the ultimate viability of the breach of contract claim. *I.e.* a claim alleging breach of an exclusive agency agreement where a second broker was interposed collecting the brokerage commission in frustration of the promised exclusive right. This is what has been expressly pled in the complaint as well as raised below and on appeal. *See* Complaint paragraphs 19 to 25, Appendix pages 21-22.

Absence from the promise of exclusive agency viz. duration, commission amount, contract formalities, these are not fatal to the enforceability of the exclusive agency promise – not fatal to the complaint under New York Law.

*See also* Point II of broker appellant's brief.

*Alternative Claim of Promissory Estoppel*
*Properly Pled*

The plaintiff-appellant broker makes a promissory estoppel claim arising from the facts pled as alternative theory of recovery per Point IV of the appellant's brief. The appellee argues in its brief that the alternative promissory estoppel claim is not properly pled: that such claim is really quasi contract dependent on the broker being procuring cause and also that it is raised for the first time on appeal.

Apropos, the essence of promissory estoppel under New York Law is neither procuring cause nor quasi contract nor time of argument: rather whether facts constituting *detrimental reliance* have been pled in the complaint. On point is *Schroeder v. Pinterest Inc*., (1st Dept 2015), 133 A.D.3d 12. That case concerned an email sent to a software engineer promising not to profit from the engineer's design work. The appellate division found no claim of promissory estoppel where the complaint failed to allege facts showing how the plaintiff relied on the statement or what the plaintiff actually did in reliance. The appellate division stating:

6

"Even assuming that this statement constitutes a clear and unambiguous promise, the promissory estoppel claim fails because it does not sufficiently allege detrimental reliance. The complaint merely states, in conclusory fashion, that plaintiffs "reasonably relied on Cohen's promise," but does not explain how they purportedly relied. Indeed, there are no facts pleaded showing that plaintiffs did something, or refrained from doing something, in reliance on Cohen's email. Thus, the promissory estoppel claim should have been dismissed (*see Knight Sec. v Fiduciary Trust Co.*, 5 AD3d 172 [1st Dept 2004] [promissory estoppel claim dismissed where the complaint failed to allege that the plaintiff was injured by reason of its reliance on the promise]; *Tierney v Capricorn Invs.*, 189 AD2d 629, 632 [1st Dept 1993] [dismissing promissory estoppel claim where there were only conclusory allegations of reliance], lv denied 81 NY2d 710 [1993])."

(*Schroeder v. Pinterest Inc.*, [1st Dept 2015],133 A.D.3d 12 at 32.)

7

Paragraphs 19 through 25 of the complaint at bar (Appendix pages 21 to 22) pleads enumerated detailed facts of express detrimental reliance and resulting damage: *i.e.* specifically what the plaintiff broker did in reliance and how the plaintiff was damaged viz. losing the opportunity to earn the commission. Promissory estoppel has been expressly and properly pled in the complaint.

Moreover, this Court has discretion to determine the issue *de novo* on appeal in two separate circumstances: (i) to avoid a manifest injustice, or (ii) where the issue is purely legal and no fact-finding need be made. *See, Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, (2d Cir. 2005), 401 F.3d 28, 35.

In this case, both circumstances apply: first, to prevent the manifest injustice of the defendants avoiding their pled promise of exclusive agency upon which plaintiff broker substantively performed as expressly pled. Second, there is no factual determination for this Court to make: detrimental reliance has either been pled particularly in the complaint or it is not as a matter of law.

*Correcting Misapprehension*
*of Material Fact Stated in Appellee's Brief*

One of the material facts apropos the substantive brokerage services rendered in reliance on the promise of exclusive agency is the commencement of preliminary negotiations by the plaintiff broker. This is alleged in paragraph 8 of the complaint. (Appendix at page 18.)

Both defendants' pre-answer motion and the district court decision appealed detailed the work performed by the broker in reliance without referencing the fact of preliminary negotiations as alleged in the complaint. This was brought to the district court's attention in the opposition memorandum below. (Appendix at pages 54 to 55). Notwithstanding, the district court decision listing the pled performance of the broker omits preliminary negotiations. (Appendix at page 78.) Hence, on appeal this is once more raised. *See* the appellant's brief at pages 5, 6, 17, and 24. Notwithstanding, the appellee's brief detailing what the broker alleges as done in reliance per the complaint: once again preliminary negotiations omitted from the list. *See* appellee's brief at page 5.

9

In sum, an unfair compounded error converse of the *Emperor's New Clothes* where repeated often enough that which is extant disappears by repeated suggestion.

Preliminary negotiation is an additional material substantive consideration given by the plaintiff broker in reliance on the promise of exclusive agency. It should not be read out of the record. *See* paragraph 8 of the complaint Appendix at page 18.

## CONCLUSION

The district court decision on appeal should be reversed and the complaint reinstated.

Dated: June 12, 2019

Respectfully submitted,

/s/ Michael S. Cole
COLE HANSEN CHESTER LLP
Attorneys for Plaintiff-Appellant
767 Third Avenue – 24th Floor
New York, New York 10017
Telephone: (212) 599-1535

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

1.	This document complies with Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,537 words.

2.	This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font size, using Times New Roman font.

Dated:	June 12, 2019

/s/ Michael S. Cole
COLE HANSEN CHESTER LLP
Attorneys for Plaintiff-Appellant
767 Third Avenue – 24th Floor
New York, New York  10017
Telephone: (212) 599-1535